HIRAM W. OLCOTT, APPELLEE, v. JOHN A. BOLTON, APPELLANT.

FILED MARCH 3, 1897.   No. 7026.

1. Action to Rescind Contract of Sale of Bank Stock: FALSE REPRESENTATIONS: DECREE FOR PLAINTIFF. Evidence *held* sufficient to sustain the findings and judgment of the trial court.

2. Sales: FALSE REPRESENTATIONS: RESCISSION. If to induce a party to purchase capital stock of a corporation representations are made of material facts which, if true, would enhance the value of the stock, but which are false, to the knowledge of the vendor, or, if without knowledge the statements are made by him as representations of positive to him known facts, if believed to be true

and relied and acted upon by the vendee in making the purchase, and to his injury, an action of damages or for rescission of the sale accrues in favor of the vendee.

3. ———: ———: ———. If representations consist of direct statements or asserted facts, and to ascertain their truth or falsity would necessitate an examination or investigation, the party to whom they are made may place reliance on them.

4. ———: ———: ———. That the complainant obtained information on the same subject other than that contained in the representations, but from which he did not learn their falsity, will not deprive him of his right of action.

5. ———: ———: ———: RETURN OF PROPERTY. Where the evidence sustains a finding that as soon as plaintiff in an action for the rescission of a sale alleged to have been induced by false representations of the vendor discovered the falsity of the representations he tendered a return of the property and demanded a rescission of the sale, it is sufficient as to the point in regard to the time rescission was demanded.

APPEAL from the district court of Lancaster county. Heard below before STRODE, J. *Affirmed.*

The opinion contains a statement of the case.

*Mockett, Rainbolt & Polk* and *J. R. Webster,* for appellant:

On plaintiff's own evidence the representations were not in the nature of warranty, but at most a mere expression of opinion, which the evidence shows beyond doubt, and the court affirmatively finds, were stated in good faith. Upon the proofs and findings, in any event, a decree should have been entered in favor of this appellant. (Adams, Equity [7th ed.], p. 178; *Spence v. Duren,* 3 Ala., 251; *Pasley v. Freeman,* 3 T. R. [Eng.], 51; *Freeman v. Baker,* 5 B. & Ad. [Eng.], 797; *Ormrod v. Huth,* 14 M. & W. [Eng.], 651; *Parmelee v. Adolph,* 28 O. St., 10; *Lord v. Goddard,* 13 How. [U. S.], 198; *Russell v. Clarke,* 7 Cranch [U. S.], 93; *Tryon v. Whitmarsh,* 1 Met. [Mass.], 1; *Meyer v. Amidon,* 45 N. Y., 169; *Cowley v. Smyth,* 46 N. J. Law, 380; *Stone v. Demy,* 4 Met. [Mass.], 151; *Young v. Covell,* 8 Johns. [N. Y.], 25; *Hopper v. Sisk,* Smith [Ind.], 102; *Fooks v. Waples,* 1 Har. [Del.], 131; *Boyd v. Browne,*

6 Pa. St., 316; *Weeks v. Burton,* 7 Vt., 67; *Wells v. Jewett,* 11 How. Pr. [N. Y.], 242; *Ashlin v. White,* 1 Holt [Eng.], 387; *Shrewsbury v. Blount,* 2 Man. & G. [Eng.], 475.)

If the means of knowledge are at hand, and equally available to both parties, and the subject-matter is open to the inspection of both alike, and there are no fiduciary or confidential relations, and no warranty of the facts, the injured party must show that he has availed himself of the means of information existing at the time of the transaction before he will be heard to say that he was deceived by the misrepresentation of the other party. (*Rudd v. Robinson,* 126 N. Y., 113; *Champion v. Woods,* 12 Am. St. Rep. [Cal.], 126; *Leggett v. New Jersey Mfg. Co.,* 23 Am. Dec. [N. J. Eq.], 728; *Wakeman v. Dalley,* 51 N. Y., 27; *Swentzel v. Pennsylvania Bank,* 147 Pa. St., 140; *Maisch v. Seamen's Saving Fund,* 5 Phila. [Pa.], 30; *Briggs v. Spaulding,* 141 U. S., 132; *In re Forest,* 10 Ch. Div. [Eng.], 450; *Spering's Appeal,* 10 Am. Rep. [Pa.], 684; *Ackerman v. Halsey,* 37 N. J. Eq., 363; *Hun v. Cary,* 82 N. Y., 65; *In re Denham,* 25 L. R., Ch. Div. [Eng.], 752; *Watt's Appeal,* 78 Pa. St., 391.)

To entitle a party to rescind a contract for the sale of chattels on the ground of fraud, he must offer to return the property received by him and demand a rescission within a reasonable time after discovery of the fraud. (*Brown v. Waters,* 7 Neb., 428; *Kingsley v. Wallis,* 14 Me., 57.)

*R. D. Stearns* and *E. C. Strode, contra:*

If the representations of appellant in regard to the stock and condition of the bank were in fact false, appellee is entitled to a rescission, though appellant believed his statements were true when made. (Kerr, Fraud & Mistake, p. 53; 1 Story, Equity Jurisprudence, sec. 193; Adams, Equity, p. 177; 2 Pomeroy, Equity, sec. 885; Bigelow, Law of Fraud, p. 413; *Martin v. Hill,* 43 N. W. Rep. [Minn.], 337; *Mitchell v. Zimmerman,* 4 Tex., 75; *Stimson v. Helps,* 9 Colo., 33; *Allen v. Hart,* 72 Ill., 104;

*Booth v. Smith*, 117 Ill., 370; *Bowen v. Schuler*, 41 Ill., 192; *Miner v. Medbury*, 6 Wis., 294; *Holcomb v. Noble*, 37 N. W. Rep. [Mich.], 497; *Parmelee v. Adolph*, 28 O. St., 10; *Chatham Furnace Co. v. Moffatt*, 18 N. E. Rep. [Mass.], 168; *Gray v. Robbins*, 11 Atl. Rep. [N. J.], 680; *Kennedy v. McKay*, 43 N. J. Law, 288; *Rimer v. Dugan*, 39 Miss., 477; *Shackelford v. Handley*, 10 Am. Dec. [Ky.], 753; *East v. Matheny*, 10 Am. Dec. [Ky.], 721; *Yeater v. Hines*, 24 Mo. App., 619; *Linhart v. Foreman*, 77 Va., 540; *Lowe v. Trunble*, 78 Va., 65; *Nelson v. Wood*, 62 Ala., 175; *Bridge v. Penniman*, 12 N. E. Rep. [N. Y.], 19; *Leavitt v. Sizer*, 35 Neb., 80; *Phillips v. Jones*, 12 Neb., 215.)

Appellant, as a director of the Nebraska Savings Bank, is conclusively presumed to know the financial condition of the bank. As such director he is conclusively presumed to know the falsity of his statements to appellee in regard to the prosperous condition of the bank. (*Speck v. Riggin*, 40 Mo., 405; *Hun v. Cary*, 37 Am. Rep. [N. Y.], 546; *German Savings Bank v. Wulfekuhler*, 19 Kan., 60; *Merchants Bank v. Rudolph*, 5 Neb., 527; *McDowell v. Arkansas M. & A. Co.*, 38 Ark., 17; *Seale v. Baker*, 7 S. W. Rep. [Tex.], 742; *Prewett v. Trimble*, 17 S. W. Rep. [Ky.], 356; *Tyler v. Savage*, 143 U. S., 79; *Martin v. Webb*, 110 U. S., 7; *Foley v. Holtry*, 43 Neb., 137.)

HARRISON, J.

In this, an action instituted in the district court of Lancaster county, the appellee sought and was accorded a decree by which was effected a rescission of a contract of sale to him by appellant of a number of shares of the stock of the Nebraska Savings Bank. The grounds for rescission were the alleged false representations of the appellant, by which, it was claimed, the appellee was induced to purchase the stock. The sale was made on or about January 7, 1893, and this suit was brought June 22 of the same year. Defendant's answer contained a denial of any false representations on his part, and contained affirmative allegations that the statements made

by him to appellee in the course of the contract of sale were true, and were made in good faith; also denial that appellee relied in the purchase of the stock on statements of appellant, and further stated that appellee made inquiries elsewhere, and of other persons, and thus obtained the information on which he relied in making the purchase; and further, that with full knowledge of all the facts in relation to the stock and its value, as affected by the condition of the bank financially, the appellee held and controlled the stock for a number of months.

The appellant argues: "First, the evidence is insufficient to sustain a judgment against him; second, that upon the findings of the court and proof, judgment should have been in favor of appellant." The trial judge, in compliance with a request of appellant's counsel, made written findings of facts, among which was one in regard to the representations made, from which we gather clearly that they were not only such as might be regarded as opinions with reference to the value of the stock, as the counsel for appellant contend, but were in relation to the then existing condition of the bank; and they were material, for, if true, the value of the stock would be much enhanced, and if false, correspondingly decreased. There was also a finding that the representations made by appellant were untrue, and further, that the appellee relied upon them as true in the purchase of the stock. There was a further finding that the appellant did not know that what purported to be the facts of his statement were false or different than he asserted. We will here say that at the time of the negotiations between the parties, which culminated in the sale of which the rescission is herein sought, the appellant stated the fact that he was then, and had been for some considerable time, a director of the bank, the stock of which was the subject of sale. It was also of the findings that appellee, as soon as he ascertained that the representations made by appellant at the time of the sale were untrue, tendered a return of the stock and demanded a rescission, which was refused.

In respect to the contention that the judgment is not sustained by the evidence, we have carefully examined the evidence, and while it is conflicting as to many points in issue, the findings of the court upon which the judgment is based are sufficiently supported by the evidence and will not be disturbed. We do not deem a discussion of the evidence in detail necessary here, hence omit it. The rules of law applicable to the facts, reduced to conclusions as embodied in the findings of the trial court, may be said to be well established. As was stated in an opinion of this court, written by Irvine, C., in the case of *Foley v. Holtry,* 43 Neb., 137, in which the rescission of a sale of shares of the capital stock of a corporation was in issue: "The elements necessary to sustain such an action have been recently summarized by this court as follows: (1) It must be alleged and proved what representation was made; (2) that it was false; (3) that plaintiff believed the representation to be true; (4) relied on and acted upon it; (5) and was thereby injured. (*Stetson v. Riggs,* 37 Neb., 797.)" But in this case we have another fact; *i. e.,* the party who made the representations was without knowledge as to their truth or falsity, and believed them to be true. In the opinion in *Foley v. Holtry, supra,* it was observed on this point: "To these requirements the courts formerly added another, to-wit, that defendant must have known that the representations were false. A more accurate statement, in view of the later decisions, would be that the defendant must either know that the representations were false, or else they must be made, without knowledge, as positive statements of known fact. The rule as thus formulated practically charges the defendant with notice of the truth in all cases where he makes positive representations of existing facts." It is claimed that the appellee might have made such an examination of the affairs of the bank and of its condition financially as would have afforded him full information in regard thereto, and that it devolved upon him so to do. With this view we cannot agree.

The statements of appellant were what purported to be facts known to him, and were positive in their character, and the appellee could not have ascertained their truth or falsity without an investigation. Under such conditions he was warranted in relying upon the representations as made. (*Foley v. Holtry, supra.*)

It is also urged that the appellee made inquiries of other persons in regard to the capital stock of the bank and its value, and also the other matters that were subjects of the representations made by appellant; that having done so and thus obtained information thereupon, he must be presumed to have relied upon such information, and not upon the representations of appellant. It was shown that appellee had a conversation with at least one other person besides appellant in regard to the stock of the bank, its value, and other points bearing on such value; but it does not appear that by so doing he discovered, to any extent or in any particular, the falsity of the representations made by appellant, nor does it appear that he relied in any degree upon the information thus obtained; hence the fact that he had such conversation did not impair his right to this action against the appellee.

The judgment of the district court was sufficiently sustained by the evidence, and in accordance with the rules of law applicable to the facts, and will be

AFFIRMED.