## JOHN W. PERRY v. JOHN C. ROGERS.

FILED NOVEMBER 20, 1901. No. 10,332.

Commissioner's opinion, Department No. 2.

1. **Representation:** RIGHT TO RELY UPON. A person is justified in relying on a representation made to him in all cases where the representation is a positive statement of fact, and where an investigation would be required to discover the truth. *Foley v. Holtry*, 43 Nebr., 133, followed.

2. **False and Fraudulent Representations:** RESCISSION OF CONTRACT: ELECTION. Where a party is induced to his damage to enter into a contract by the false and fraudulent representations of the other party, and where such false and fraudulent representations have been relied on as the inducing cause for entering into such contract, and where such representations are of facts peculiarly within the knowledge of the party making them, and not mere expressions of opinion, the party so defrauded may elect whether he will stand by the contract or rescind it.

ERROR from the district court for Valley county. Tried below before THOMPSON, J. *Affirmed.*

*A. M. Robbins,* for plaintiff in error.

*Hall & Johnson* and *Clements Bros., contra.*

Argued orally by *Robbins,* for plaintiff in error; by *E. J. Clements, contra.*

OLDHAM, C.

This is a suit in which the plaintiff sued the defendant for damages for the breach of a contract for the sale and delivery of 7,000 bushels of wheat. Plaintiff alleges in his petition that he contracted for this wheat from the defendant on the 18th day of September, 1896, for 40 cents per bushel, the wheat to be delivered within thirty days; that in pursuance of this contract a part of this wheat had been delivered at the price agreed upon; that the price

of wheat advanced to 54 cents per bushel during the time within which the wheat should have been delivered; and that defendant refused to deliver the remainder of the wheat, although requested to do so. Defendant answered this petition, alleging, in substance, that the contract with plaintiff for the sale and delivery of the wheat was entered into on an agreement with the plaintiff that he was to pay the market price of cash wheat at Chicago on the 18th day of September, 1896, less $18\frac{1}{2}$ cents per bushel; that plaintiff received the market reports daily from Chicago; that defendant had no means of knowing the market reports except from plaintiff, and that plaintiff falsely and fraudulently, and for the purpose of inducing the defendant to enter into this contract, represented and stated to defendant that cash wheat had closed in Chicago at $58\frac{1}{2}$ cents on said day when in fact and in truth cash wheat had closed at 60 5-8 cents; that but for this false and fraudulent representation this defendant would not have entered into the contract sued upon. Defendant also alleged that, as soon as he discovered the fraud that had been practiced upon him by the plaintiff, he, for that reason, rescinded the contract, and refused to deliver any more wheat. He also alleges in his answer that he did not enter into the contract severally for the sale and delivery of the wheat, but entered into it jointly with James A. Ollis, Jr., and that this fact was well known to the plaintiff at the time the contract was made. Plaintiff filed a reply to this answer, denying all the allegations, except the allegation that cash wheat closed at 60 5-8 cents in Chicago on the 18th day of September, 1896. On the issues thus joined the defendant had judgment below, and plaintiff brings error to this court.

The first question to which our attention is earnestly directed by counsel for plaintiff in error is as to whether the answer of defendant states sufficient ground for the rescission of the contract. We believe that the rule with reference to the kind of a false and fraudulent representation which will be sufficient to warrant the rescission of

a contract of sale is well stated by this court in the case of *Foley v. Holtry,* 43 Nebr., 133, in which it is held: "A person is justified in relying on a representation made to him in all cases where the representation is a positive statement of fact, and where an investigation would be required to discover the truth." This case also quoted with approval the test as to the character of the representation essential for either the rescission of a contract induced by fraudulent representations or for an action for damages on such a contract, which was laid down by this court in the earlier case of *Stetson v. Riggs,* 37 Nebr., 797, which says it must be alleged and proved (1) what representation was made; (2) that it was false; (3) that plaintiff believed the representation to be true; (4) relied and acted upon it; (5) and was thereby injured." Measured by this rule, we are of the opinion that the answer of the defendant does state a legal cause for the rescission of the contract, because the representation on which he claims to have relied was not a representation of an opinion, but of a fact, and because it was a representation which would have required an investigation to discover whether it was true or false, and it was a representation of a material fact peculiarly within the knowledge of the plaintiff, by reason of the fact that he received the market report daily from Chicago, by telegram, and according to defendant's theory the contract was made solely on the market price of wheat at Chicago, and this representation was the inducement which led to the contract. The principles herein enunciated are further supported by the holdings of this court in *Hoock v. Bowman,* 42 Nebr., 80; *Olcott v. Bolton,* 50 Nebr., 779; *Wood v. Roeder,* 50 Nebr., 476.

The next objection called to our attention in the brief of counsel for plaintiff in error is as to the sufficiency of the evidence to sustain the judgment. There was a strong conflict in the testimony as to each material question in issue, and while a different verdict might have been reached by the jury, yet there was competent testimony

submitted which tended to support each allegation of defendant's answer, and, under the rules governing proceedings in this court, we would not feel justified in declaring, as a matter of law, that the judgment was unsupported by the evidence.

Objection is made to the action of the trial court in refusing paragraph 1 of instructions requested by the plaintiff, and while the instruction requested and refused was, probably, unobjectionable, yet each material element which it contained was fairly embodied in paragraph 7 of instructions given by the court on its own motion; consequently its refusal was not erroneous.

Complaint is also made of the action of the trial court in giving paragraph 6 of instructions on its own motion. This instruction was on the measure of damage, and, as far as we can see, was unobjectionable. In any event, the plaintiff could not have been seriously injured by it, in view of the fact that the jury returned a verdict for the defendant and allowed him no damage at all.

Paragraph 6½ is also complained of, but as this instruction was based on the answer and proof offered by defendant, and was merely the submission of his theory of a joint contract to the jury, we can not see how error can be successfully predicated upon it.

It is finally contended that defendant should not have been permitted to rescind his contract until he had offered to place plaintiff *in statu quo;* that is, until he had offered back 40 cents for each bushel of 54-cent wheat which he had delivered to plaintiff, before, as he claimed, he had discovered the fraud practiced upon him. As the alleged injury for which plaintiff seeks damage was all occasioned by defendant leaving him *in statu quo* as to the wheat not delivered, we can not see why plaintiff should complain that another bitter dreg was not added to his cup of woe by defendant tendering him back 40 cents for each bushel of 54-cent wheat which he had received before the contract was rescinded.

Perry v. Rogers.

It is therefore recommended that the judgment of the district court be affirmed.

SEDGWICK and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is

AFFIRMED.