M. L. MOYER v. RICHARDSON DRUG COMPANY ET AL.

FILED OCTOBER 21, 1903. No. 13,048.

Sale: RESCISSION: REPLEVIN. The vendor of personal property can not rescind the contract of sale and recover possession from the vendee on the ground of fraud and deceit, in the absence of fraudulent representations made by the vendee respecting some matter material to the contract, and upon which the vendor relied in making the sale and extending credit for the purchase price.

ERROR to the district court for Dawes county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*I. E. Porter* and *Allen G. Fisher,* for plaintiff in error.

*Albert W. Crites, W. H. Fanning, Edmond M. Bartlett, Charles L. Dundy* and *Edward M. Martin, contra.*

Duffie, C.

January 1, 1900, M. L. Moyer, plaintiff in error, was the owner of a stock of drugs in the city of Crawford, Nebraska. On that day she sold said stock to Riley D. Richards, defendant in error, for the agreed price of $3,300, $100 in cash, the rest of the consideration being evidenced by notes of $80 each, payable monthly thereafter, the notes being secured by chattel mortgage upon the stock sold. January 1, 1901, this mortgage was surrendered and a new one executed, securing the notes then remaining unpaid. This mortgage contains the following conditions, to wit:

"Said Richards may sell and dispose of said stock and merchandise in the usual and ordinary course of legitimate retail trade, but shall keep said stock at all times renewed and filled in, so that the invoice value thereof with said furniture shall at no time be under $3,200. All stock, goods, and merchandise, and furniture, which may be added to or filled in, in said stock, is hereby declared to be as fully covered by this mortgage as though the same, and every part thereof, was in said stock, in my possession, at the date hereof."

Mrs. Moyer did not file either of said chattel mortgages; and on the trial Richards testified that it was agreed between them in effect, that they were not to be filed unless some change or difficulty should accrue in the business affairs of the mortgagor, which would make it necessary to protect the interest of the mortgagee. March 1, 1901, the note then falling due was not paid, and Mrs. Moyer, being apprehensive, as it is claimed, that goods were being surreptitiously removed from the stock, attempted to take possession on the evening of March —, 1901. It is claimed by plaintiff in error, and the evidence tends to prove, that Richards retook possession by force; and, thereupon, Mrs. Moyer commenced this action in replevin, and took possession of the mortgaged property. Prior to the trial the Richardson Drug Company and several other creditors of Richards intervened in the action, alleging that they had

sold goods to Richards, which had not been paid for; that large quantities of these goods remained in stock at the time they were replevied and put in the possession of Mrs. Moyer; that when they sold to Richards they had no knowledge, whatever, of the chattel mortgage held by Mrs. Moyer, and that credit was extended to Richards upon the faith of his full ownership of the goods; that, upon learning of the existence of the mortgage, they had elected to rescind such sales and to reclaim their property. They also alleged that in March, 1901, bankruptcy proceedings were commenced in the federal court, in Omaha, for the purpose of having Richards declared a bankrupt; that said proceedings were still pending, and no final order made thereon; that said proceedings were commenced within three months from the date that said chattel mortgage was executed and delivered to the plaintiff, and that under the federal law said mortgage was void as against the claims of the interveners. We gather from the record that petitions in intervention were filed by these creditors of Richards at some term of the court prior to the trial, and that, upon objections made by the plaintiff, the interveners withdrew their objections, with leave to file amended petitions; and objection is now made that these amended petitions were not filed within the time limited by the court. This objection was overruled, and error is assigned thereon. Relating to this, it is sufficient to say that, if the court made an order limiting the time within which the interveners might file their petitions, such order does not appear in the record. We must presume, therefore, that the action of the trial court was right, and that the petitions were filed in due time. The trial resulted in a verdict finding the plaintiff entitled to the possession of the goods in controversy as against the defendant, but the jury further found that each of the interveners were entitled to the possession of the goods and chattels mentioned in their petitions of intervention, the value of said goods being fixed by the verdict. Judgment was entered upon the verdict, and the plaintiff below brings error to this court, complaining of the judgment in favor of the interveners.

We think that these assignments are well taken. The petitions in intervention are wholly barren of any statement to the effect that any representations whatever were made by Richards to obtain credit, and there is no testimony to show that any false or fraudulent representations were made by Richards to any of the interveners or their agents upon the sale of the goods. So far as the record discloses, the interveners, in extending credit to Richards, did so in the belief that he was the owner of the stock of which he was in possession, and that no incumbrance existed against the same. This belief was not engendered by any statement made by Richards himself, or by any one for him. So far as the record discloses, Richards himself was never called upon for a statement of his financial condition. We understand the rule to be well established that, to entitle a vendor to rescind a contract of sale and to reclaim personal property after a delivery to the vendee, fraud or deceit practiced upon the vendor must be shown. Mere failure of a party to a contract to disclose material facts —that is, mere silence, without more—does not amount to fraud, if no inquiry is made by the other party. Something must be said or done to conceal the truth, or there must be a partial or fragmentary statement, or else the relation of the parties, or the nature of the subject matter of the contract, must be such as to impose a legal or equitable duty to disclose all the facts. 14 Am. & Eng. Ency. Law (2d ed.), 66; *Hamilton Brown Shoe Co. v. Milliken,* 62 Neb. 116.

We recommend that the judgment of the district court be reversed, and the cause remanded.

POUND and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.