EMELIA WISENSTINE, APPELLEE, V. INTERSTATE BUSINESS
MEN'S ACCIDENT ASSOCIATION, APPELLANT.

FILED MAY 14, 1915.  No. 18131.

1. Insurance: APPLICATION: FALSE STATEMENTS. Where the agent had
inserted in the application for life insurance a representation of
the age of the insured, which was untrue, but which the agent
himself knew to be untrue, and at the same time stated to the
insured that it was immaterial; and so procured the assent of the
assured, this was the act of the company, and not of the assured,
and would not invalidate the policy.

2. ———: ———: ———: ESTOPPEL. In such case the statement
signed by the applicant, but which is prepared by the agent with
full knowledge of the facts, is not the false statement of the in-
sured, but is the representation of the agent of the company, and
the company will be estopped to declare the policy void for such
misstatement.·

3. ———: SETTLEMENT: SETTING ASIDE: FRAUD. Where in such case
an agent of the company, in order to effect a settlement with the
beneficiary, makes a statement to her that the policy is void on
account of a misstatement as to the age of the insured, that the
courts have all so decided, that he is right, and that the company
will not stand for it, and the beneficiary, having no opportunity
to make a proper inquiry, relies on his statements, a settlement of
her claim of $5,000 for $425 will be set aside, upon her return
of the check given her to procure such settlement.

APPEAL from the district court for Douglas county:
GEORGE A. DAY, JUDGE. Affirmed.

Dunshee & Haines and John D. Ware, for appellant.

Sullivan & Rait and George B. Thummel, contra.

BARNES, J.

This was an action at law upon a written certificate of
membership in the defendant association issued to plain-
tiff's decedent, Frank B. Wisenstine, in which the plain-
tiff was named as his beneficiary. The plaintiff prayed
for a judgment of $5,000, the amount specified in the cer-
tificate, and alleged, and the defendant admitted, that the

assured came to his death by accidental means. The defendant by its answer denied that the policy was in force at the time of the death of Frank B. Wisenstine, and denied that it was indebted to the plaintiff. The answer further alleged, in substance, that defendant was a mutual assessment association, organized under the laws of the state of Iowa, and was licensed to transact business in Nebraska. Its articles of incorporation and its by-laws were set out in the answer, and it was particularly alleged that the association could only insure persons within the ages of 21 and 55 years; that Frank B. Wisenstine, at the time he made his application for membership, was only a few days past 18 years of age, and that he fraudulently represented that he was of the age of 21 years, and signed an application to that effect; that therefore the certificate was obtained by fraud, and was nonenforceable and void. It was further alleged that, when the association ascertained the facts, it denied its liability, and thereupon a settlement and compromise was effected with the plaintiff by which the company delivered to her a check for the sum of $425, in full satisfaction of her claim. The plaintiff by her reply alleged, in substance, that the settlement was obtained by fraud and misrepresentation, and that as soon as she learned the facts she repudiated the alleged settlement and returned to the defendant the check which she had received. The cause was tried to a jury in the district court for Douglas county. Plaintiff had the verdict and judgment, and the defendant has appealed.

It appears that two questions were submitted to the jury: First. Was the policy obtained by false representations on the part of Frank B. Wisenstine in regard to his age? Second. Is the release which plaintiff signed, on July 8, 1912, binding upon her? It is appellant's contention that the court erred in submitting those questions to the jury, and that the court should have directed a verdict in defendant's favor. The evidence discloses that a Mr. Haas, an agent for the defendant company, was stopping at the hotel in Battle Creek, Nebraska, which was owned by Frank B. Wisenstine's father; that the agent was stren-

uously urging Frank to procure a policy in his company; that the assured made the usual objections to becoming a member, insisting, among other things, that he had no money to pay for the policy; that in the course of the conversation Frank's father offered to loan him the money for that purpose, and the agent thereupon wrote out the application; that nothing was said about the age of the assured at first. It appears, however, that before the application was written the agent informed Frank that, in order to become a member, he must be 21 years of age. There is no evidence in the record, however, which shows or tends to show that Frank ever saw any of the defendant's literature, or ever had any notice of the alleged age requirement, other than that stated by Mr. Haas. It further appears that Haas said to Frank that he was so near 21 years old that he would write his age in the application as 21 years, and that upon that statement Frank signed the application. It thus appears that the agent knew that Frank was not 21 years old when he signed the application. Having this knowledge, Haas sent in the application to his company without any statement discrediting it, and collected the premium, and the policy was at once issued.

As we view this question, the assured was not guilty of fraud in signing the application on which the policy was issued; that, as a matter of fact, the only fraud practiced was that of the agent in concealing from his company the age of the assured. In *Union Mutual Ins. Co. v. Wilkinson*, 80 U. S. 222, it was said that, where agents soliciting insurance undertake to prepare the application of the insured, or to make any representations to the insured of the character or effect of the statements of the application, they will be regarded as agents of the insurance companies, and not of the insured. In that case the agent had inserted in the application a representation of the age of the mother of the insured at the time of her death, which was untrue, and it was held not to invalidate the policy. The same rule is announced in *Hingston v. Ætna Ins. Co.*, 42 Ia. 46; *State Ins. Co. v. Jordan*, 29 Neb. 514. The agent of the defendant testified that, knowing that Frank was

ineligible to membership, he put his age in the application as 21. It is well settled that, where the agent is aware of conditions which, if concealed by the insured, would avoid the policy, but the agent, either by fraud or mistake, inserts incorrect or untrue answers, the company is responsible for the agent's conduct, and cannot repudiate the contract on that ground. *Eggleston v. Council Bluffs Ins. Co.*, 65 Ia. 308; *Continental Life Ins. Co. v. Chamberlain*, 132 U. S. 304; *Taylor v. Anchor Mutual Fire Ins. Co.*, 116 Ia. 625; *Fidelity Mutual Fire Ins. Co. v. Lowe*, 4 Neb. (Unof.) 159. In *Jamison v. State Ins. Co.*, 85 Ia. 229, 234, it was said: "He (the agent) knew all material facts when he prepared the application, and, having undertaken to prepare it, his duty required him to state them correctly. Mrs. Jamison gave the required consideration for the insurance, and relied upon the agent, as she had a right to do, to discharge his duty in a proper manner. His failure in that respect was the fault of the defendant, and it will not now be permitted to escape liability by taking advantage of its own wrong." The same rule is announced in *Eckert v. Century Fire Ins. Co.*, 147 Ia. 507; *Roe v. National Life Ins. Ass'n*, 137 Ia. 696; *Pringle v. Modern Woodmen of America*, 76 Neb. 384. We are aware that the authorities on this question are somewhat conflicting, but we feel constrained to follow the recent and more equitable doctrine announced in the foregoing decisions.

It is further contended by the appellant that the court erred in submitting to the jury the question of fraud in the settlement, on which plaintiff relied to enable her to maintain her action, because there was no evidence which would support a verdict in her favor on that question. The plaintiff testified that Mr. Edson, the defendant's agent, when he called on her to adjust the matter, said to her: "I looked this application over in my room last night and I find that Frank misrepresented his age, and this makes the policy perfectly worthless." There was nothing on the face of the application which gave Edson any such information. The application did not show that Frank had made a false statement, and the agent must

have had independent knowledge of Frank's real age. If he had no such knowledge, he could not say that Frank had been guilty of fraud and that the policy was void. In addition to this, Edson stated to the plaintiff that she could consult any lawyer if she wanted to find out if he was right; that she could take his word for it, that he was right, and that his company would not stand for it. It appears that there was no lawyer in Battle Creek whom Mrs. Wisenstine could consult. She stated that the agent seemed fair, and that she finally took his word for it. It appears that Edson's statement that the company was not liable on the policy and that all the courts had so decided was not true. He must have known that this was not true, because very many of the courts have decided otherwise. The rule in such cases is that, when a person, falsely assuming knowledge of certain facts, makes representations thereto without knowledge of the truth or falsity thereof, he is subject to the same liability for injuries resulting therefrom as if they were made with full knowledge of the facts. Mrs. Wisenstine could not have found out for herself that what Edson had told her was untrue, and therefore she had a right to rely on his statements. *Perry v. Rogers,* 62 Neb. 898; *Foley v. Holtry,* 43 Neb. 133; *Martin v. Hutton,* 90 Neb. 34. As we view the record, the court did not err in submitting the question to the jury.

After a careful examination of the record, we are convinced that it contains no reversible error, and the judgment of the district court is

AFFIRMED.

HAMER, J., not sitting.