George A. McCandless, appellee, v. John O. Greusel
et al., appellants.

Filed April 19, 1919.   No. 20365.

Fraud: Misrepresentation. If representations are made by a vendor
of material facts as to the value of real estate sold or exchanged
by him, and the vendee must resort to an independent investiga-
tion to ascertain the truth, and such representations are false, the
vendee may rely upon such representations and recover the dam-
ages, if any, suffered by him on account of the fraud.

Appeal from the district court for Lancaster county:
Willard E. Stewart, Judge. Affirmed.

Bruce Fullerton and John J. Ledwith, for appellants.

T. J. Doyle, contra.

Aldrich, J.

In the district court for Lancaster county, plaintiff
recovered a judgment against the defendants in the
sum of $3,000 as alleged damages growing out of al-
leged false representations of the value of certain real
estate. From this judgment and verdict of the jury,
defendants appealed.

This statement in a brief way gives the gist and
pith of the issue involved. Plaintiff was a practicing
physician doing business at Eagle, had but little, if
any, experience in real estate matters, and, as the
record shows in this case, was easily gullible, and was
deceived in the sale complained of.

It is unnecessary for us in the instant case to care-
fully review all the authorities pro and con upon this
subject, as it would make an opinion out of all propor-
tion. All we will attempt to do is to point out the ad-
mitted facts and propositions in the case, and to dis-
cuss very briefly the decisions of this court that apply
to the case in hand. The defendants are expert real

estate men and have had much experience in buying and selling and exchanging real estate. It seems defendants represented to plaintiff that they had an elegant up-to-date property here in Lincoln, and had sold it several times for $15,000, and could easily cash it in for that amount at almost any time. It is claimed these statements were false and fraudulent.

The plaintiff by reason of these statements was induced to look the property over. At the same time he was no judge of real estate, had had no experience, but nevertheless would accommodate them by seeing the property. At the same time, in connection with this investigation, the defendants led the plaintiff to believe that one Mr. Miller was the owner of the property in Lincoln, and had placed a mortgage thereon of $3,000 due in six months; that he would purchase the grain elevator and would give as security therefor a mortgage due in six months, and then the plaintiff's elevator would be paid for on a payment of $1,000 a year for five years until the agreed purchase price of $5,000 was canceled. Plaintiff, it is claimed, in giving a description of a Mr. Miller, who was the owner of the real estate in question that was being taken as security for the purchase price of the elevator, identifies him as being none other that a wealthy and substantial grain man of Lincoln, and that this same Mr. Miller had extensive interests in elevators and other grain houses throughout southern Nebraska and northern Kansas, and from the statement of the defendants the plaintiff believed that Mr. Miller, the grain man, was the owner of defendants' real estate in question; while as a matter of fact this man Miller turned out to be none other than the son of Miller, the defendant, and was the stenographer for the real estate firm of the defendants, being a mere young man, and had no property interests whatever. Plaintiff believing representations as to value of the property given for security and that Miller was the grain dealer mentioned, and relying upon

these representations, executed a deed to Joseph Vance Miller for his elevator property at Waverly and turned it over to the defendants.

It would seem, from the record, that the only thing that was impressed upon plaintif's mind was that it did not matter whether defendants' property was sufficient security, or of the value they represented it to be, for the reason that he had Mr. Miller, the wealthy grain man, behind the whole proposition, and the amount would be paid when due. The defendants, from the conversation, knew that plaintiff was relying upon and believed the representations that Miller, the grain man, was the party getting this elevator at Waverly, rather than the stenographer of the defendants.

There was a mortgage of $3,000 on the elevator, held by the Union Loan & Trust Savings Association. The defendants herein paid the first interest that became due six months after the transaction in question. This interest was in the amount of $150. This was according to' the agreement made between the plaintiff and the defendants. This would seem to indicate that the instrument given was a mortgage to secure the payment of the purchase price of the elevator. This was the last payment made. When further interest became due, the Union Loan & Trust Savings Association foreclosed, and plaintiff was made a party to that action, together with the defendants. Plaintiff, in that proceeding, set up his agreement as a mortgagee, and took a decree of foreclosure for the same. The Lincoln property under foreclosure and decree was afterwards sold. The property did not sell for enough to satisfy the first mortgage of $3,000.

The misrepresentation as to the value of the Lincoln property in question was so excessive and so gross that it would seem that it could be scarcely recorded as an honest opinion of the value of the property. The record appears to show that there was a very exaggerated estimate of the financial standing of the party

who was buying this elevator. This case in many respects is not unlike the case of *Latta v. Button Land Co.*, 91 Neb. 689.

This court has held that if representations are made as to the truth or falsity of material facts, and an investigation would have to be made to discover the truth, the party to whom they were made may place reliance on them. *Foley v. Holtry*, 43 Neb. 133; *Olcott v. Bolton*, 50 Neb. 779; *Hamilton Brown Shoe Co. v. Milliken*, 62 Neb. 116; *Perry v. Rogers*, 62 Neb. 898; *Dwinell v. Watkins*, 86 Neb. 740; *Brucker v. Kairn*, 89 Neb. 274. On the whole record we are satisfied that plaintiff was deceived and misled as to the real nature, or value, of the property, and, if the true facts as to the actual ownership had been disclosed to him, he would never have taken this Lincoln property as security for payment of the purchase price for his elevator, and it would seem that the representations made with reference to who was the real owner of the Lincoln property were misrepresentations and fraudulent.

Therefore it would seem that the finding and judgment of the district court should be

AFFIRMED.