FRANK MARTIN, APPELLEE, v. CHARLES H. HARRIS, APPELLANT.

FILED JUNE 10, 1931. No. 27631.

*John J. Hess* and *Merrow & Murphy*, for appellant.

*Leon & White* and *John A. McKenzie, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

ROSE, J.

This is an action by Frank Martin, plaintiff, to recover $53,120 in damages for fraud inducing him to exchange his apartment houses and grounds in Omaha for the 3,320-acre Cowboy Ranch of Charles H. Harris, defendant, in Cherry county. Plaintiff alleged, among other things, that defendant falsely represented to plaintiff that the value of the ranch was $18 an acre; that it had produced annually sufficient hay and pasture to feed 200 head of cattle; that it had recently been sold for $60,000; that defendant had an available purchaser for it at $18 an acre; that its reasonable cash rental value was $3,000 a year and that it had been rented for a number of years for $3,000 a year; that in the event of an exchange defendant would lend plaintiff sufficient money to purchase cattle to stock the ranch; that these representations were false and that plaintiff relied on them in entering into the exchange contract.

In an answer to the petition defendant denied the fraud charged and pleaded the exchange contract and the fairness thereof. The answer contained also the following plea:

"That said contract was subject to the inspection of the Cherry county land by the plaintiff; that after the

execution of said contract, subject to inspection of said Cherry county land by the plaintiff, said land was inspected by the plaintiff, who drove over and upon the same, and inquired of different individuals as to whether or not he should make the exchange, and the plaintiff had every opportunity to investigate and inquire relative to the same, and did investigate and inquire until he satisfied himself that said exchange was advantageous, and after such investigation, inspection and inquiry, the plaintiff approved said contract."

The exchange contract pleaded by defendant contained also the following provision:

"There have been no representations of the reasonable value of any of the properties herein described made by or to either party to this contract. Each party is relying upon his own judgment of such values after a personal inspection of the properties."

The exchange contract shows further that plaintiff indorsed thereon this statement: "I have inspected this ranch property and accept and approve it."

In a reply unadmitted allegations of the answer were denied and plaintiff pleaded that he was induced to enter into the exchange contract by the fraudulent representations enumerated in the petition.

Upon a trial of the issues the jury rendered a verdict in favor of plaintiff for $7,720 with interest from August 16, 1926. From a judgment on the verdict for $9,216.56 defendant appealed.

On appeal defendant contends that the trial court erred in overruling a motion by him to direct a verdict in his favor on the ground that plaintiff failed to make a case. The evidence was conflicting and the jury found the issues in favor of plaintiff. There is abundant competent evidence in the record that defendant made the false representations already summarized from the petition; that plaintiff believed and relied on them; that he was defrauded by the exchange to the extent found by the jury;

that plaintiff was a mechanic who was without knowledge of farming or stock raising; that he was justified in relying on defendant's false representations; that defendant refused to lend money to stock the ranch. As a general rule it is for the jury to determine from the evidence whether a party defrauded by false representations relied on them and whether he was justified in doing so under the evidential facts and circumstances. *Sanders v. Nightengale,* 109 Neb. 667. The jury determined this question against defendant. Evidence of positive, false statements of particular facts as to the value of land offered in exchange for other real estate is material on the issue of fraud in an action to recover damages for false representations inducing the exchange. *McCandless v. Greusel,* 103 Neb. 472.

Defendant contends further that recovery by plaintiff is defeated by the terms of the exchange contract to the effect that there had been no representations of value and that each party is relying on his own judgment after inspection, in connection with plaintiff's indorsement—"I have inspected this ranch property and accept and approve it." In respect to a purchase of land stipulations or recitals of the nature now under consideration do not necessarily "estop the purchaser from establishing that false and fraudulent representations were made in order to induce such purchase." *Stroman v. Atlas Refining Corporation,* 112 Neb. 187. The exchange contract was signed before plaintiff saw the ranch. The evidence on his behalf is sufficient to sustain findings that he was induced by fraudulent representations to enter into the exchange contract, including the provisions relating to representations of value and to reliance on the judgment of each party after inspection; that those stipulations were false as to plaintiff when made; that agents of defendant interfered with plaintiff's inspection of the ranch. Furthermore an inspection of the ranch, if fully made, would not have disclosed the false representations that the ranch had been

recently sold for $60,000; that defendant had an available purchaser for $18 an acre; that the ranch had been rented for a number of years for $3,000 a year; that in the event of an exchange defendant would lend plaintiff money to stock the ranch. The circumstances were such as to permit a recovery for fraud, notwithstanding the stipulations to avoid the consequences of fraud. According to the evidence the verdict is not excessive. Error prejudicial to defendant has not been found in the record.

AFFIRMED.