JOHN F. COAD, JR., ET AL., EXECUTORS, APPELLANTS, V. GEORGE W. E. DORSEY ET AL., APPELLEES.

FILED JULY 11, 1914.   No. 17,677.

1. **Limitation of Actions: FRAUD.** An action for relief on the ground of fraud must be commenced within four years after the discovery of the facts constituting the fraud, or of facts sufficient to put a person of ordinary intelligence and prudence on an inquiry which, if pursued, would lead to such discovery. *Parker v. Kuhn*, 21 Neb. 413.

2. ————: PLEADING AND PROOF. The pleadings and proofs examined, and *held* not to establish a cause of action.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*D. L. Johnson, Frank Dolezal* and *S. O. Cotner,* for appellants.

*E. F. Gray* and *George L. Loomis, contra.*

HAMER, J.

The petition in this case, filed May 18, 1911, seeks to subject certain property alleged to be the property of George W. E. Dorsey, to the payment of a judgment in favor of Mark M. Coad rendered on the 11th day of February, 1905, in the district court for Dodge county, Nebraska, against said Dorsey. The basis of the action is

alleged fraud, the inception of which is charged to be May 6, 1893, when said Dorsey made certain conveyances claimed to be in fraud of creditors. At the commencement of this action it is claimed that there was due on said judgment a little more than $19,800. It is alleged that the property in question is real and personal property standing in the names of the defendants Laura H. Dorsey and Maria Louise Dorsey. It is charged by the plaintiffs that the conveyances complained of were made to the immediate members of George W. E. Dorsey's family, members either by marriage or blood-relationship. On the 6th day of May, 1893, certain conveyances were filed for record in Dodge county, Nebraska: (a) A mortgage to the Farmers & Merchants National Bank of Fremont conveying about 75 lots and tracts of land in the city of Fremont to secure $25,000; (b) a mortgage to Emeline Benton conveying 13 lots and tracts of land in and about the city of Fremont to secure the sum of $14,300; (c) a deed conveying to Cornelia Bunnell 46 acres and certain other lots for an alleged consideration of $5,800; (d) a deed conveying to the United States National Bank of Omaha certain properties in and about the city of Fremont described by metes and bounds, and certain other lots, for the named consideration of $7,000; (e) a deed conveying certain other property alleged to be the remainder of George W. E. Dorsey's real estate in Dodge county to Charles S. Davis of Massachusetts, the consideration, as shown by the deed, being $5,000.

It is plaintiffs' contention that, the mortgages to the Farmers & Merchants National Bank and Emeline Benton having been filed for record on the 6th day of May, 1893, and the Rochester Loan & Banking Company, the South Omaha National Bank, and others on the 10th day of May, 1893, having filed attachments on the mortgaged property, therefore the failure occurred at that time. September 25, 1893, the bank filed a petition to foreclose its mortgage, and Emeline Benton filed her cross-petition praying to foreclose upon her mortgage. A decree was taken April

14, 1894, and on the 13th day of June, 1894, the property covered by the bank's mortgage was sold to the bank, and the property covered by the Benton mortgage was sold to Emeline Benton. There was a judgment for a deficiency for $9,726.63 in favor of the bank and against Dorsey. There was also a judgment for a deficiency amounting to $3,504.57 in favor of Emeline Benton which was also taken against Dorsey. In due time there were sheriff's deeds issued to the purchasers, who took possession of the property thereunder. It appears that George W. E. Dorsey married Emma E. Benton for his first wife. She was the sister of Maria Louise Benton, who married H. H. Dorsey, and who was George W. E. Dorsey's brother. Maria Louise Dorsey (formerly Benton) is one of the defendants in this case. Emeline Benton was the mother of Emma E. Benton, Maria Louise Benton, and Edward A. Benton. Emma E. Dorsey, formerly Emma E. Benton, died March 12, 1903. George W. E. Dorsey on the 19th day of April, 1905, married Laura H. Hodge, as his second wife, who is one of the defendants. The petition in the instant case was filed May 18, 1911. George W. E. Dorsey died June 12, 1911, less than a month after the petition was filed. Cornelia Bunnell was the aunt of Edward A. Benton and the Benton sisters; Jennie A. Gibson is the sister of Emma E. Benton. The Western Realty & Investment Company is a corporation organized and existing under the general laws of Nebraska, having its principal place of business at Fremont, Nebraska. The Farmers & Merchants National Bank of Fremont is a corporation, as is also the Fremont National Bank of Fremont.

The petition alleged the death of Mark M. Coad on the 4th day of January, 1911; the admission of his will to probate by the county court of Dodge county on the 30th day of January, 1911; that the plaintiffs are executors appointed by the court on said 30th day of January, 1911, and that they bring the action as executors. The indebtedness of George W. E. Dorsey prior to the 14th day of October, 1893, to the decedent Coad is set up. This pro-

Coad v. Dorsey.

ceeding is based on that old indebtedness. On the 18th day of May, 1911, the plaintiffs caused an execution to be levied upon certain real property described as the property of George W. E. Dorsey. A specific description of each parcel is set forth in the petition, but it is not alleged in whose name the property is held. There is the allegation that the property is not held in the name of said George W. E. Dorsey, and that it appears in the name of Maria Louise Dorsey, Emma E. Dorsey, deceased, Jennie A. Gibson, Jennie Christia Benton, and Laura H. Dorsey; that said George W. E. Dorsey has no property or assets outside of the foregoing property subject to levy on execution, and that whatever property and assets he may have he keeps concealed so that the same cannot be found by his creditors; that prior to the 14th day of October, 1893, the said George W. E. Dorsey contrived to place the property then owned by him and such as he might thereafter acquire in secret trust in the names of other persons to hold for him so that his ownership might be concealed; that Laura H. Dorsey, after her marriage to the said George W. E. Dorsey, joined him in his fraudulent schemes of keeping his property concealed from his creditors; that some of the property held by the said Maria Louise Dorsey was conveyed to the said Laura H. Dorsey without any consideration being paid by her to the said Maria Louise Dorsey, and that said property is so held in secret trust as the property of the said George W. E. Dorsey; that all of the aforesaid property so levied upon now stands in different parts and parcels, respectively, in the names of Maria Louise Dorsey, Laura H. Dorsey, and Jennie A. Gibson, in her maiden name of Jennie Christia Benton, and is the property of said George W. E. Dorsey held for him in secret trust. The petition concluded with a prayer that the deeds and will be set aside, and the property declared to be the property of George W. E. Dorsey, and that the persons *holding title to the same shall be* declared to hold the same in trust for said George W. E. Dorsey. The description of the particular property claimed

to be held by *each person* is not set forth in the plaintiff's petition.

The defendant Laura H. Dorsey in her answer describes the real property which she owns, and alleges that she, by herself and her immediate devisor and grantors other than George W. E. Dorsey, has been in the actual, exclusive, continuous, unin rrupted, notorious, and peaceable possession, occupation and use of said property adverse to all the world for more than ten years before the commencement of this action; that she is the owner of 43 of the shares of stock of the Farmers & Merch nts National Bank of Fremont, Nebraska; that she has been the owner of said stock for more than ten years prior to the commencement of this action; that as to all of said property, real and personal, the alleged causes of action stated in the plaintiff's petition did not accrue within four years next before the commencement of the action, nor within ten years before its commencement, and that said alleged causes of action are each and all barred by the statute of limitations of the state of Nebraska. The prayer attached to the defendants' answer asks that her title in the premises shall be forever quieted.

The answer of Maria Louise Dorsey contains, first, a general denial, then a specific description of the property which she claims to own, and similar allegations to those contained in the answer above quoted. She also sets up that a large part of this property which she describes has been sold or contracted for sale to many persons who have made payments thereon. She prays that her title to the land shall be forever quieted.

The Farmers & Merchants National Bank alleges its organization as a bank, and pleads that the cause or causes of action did not accrue within four years, nor within ten years, next before the commencement of the action. The Fremont National Bank makes a similar answer. The defendant Jennie A. Gibson sets up the fact that the will of Emma E. Dorsey was duly probated, and that the defendant, Laura H. Dorsey thereafter became the wife of the

said defendant George W. E. Dorsey; there is then the defense that the cause of action did not accrue within four years next before the commencement of the action, nor within ten years. There is also an answer made by the administrators of the estate of Emma E. Dorsey. They plead the statute of limitations both as to four years and ten years.

In their replies the plaintiffs allege that they "did not discover said fraud until within one year next before the beginning of this action." This is given as an excuse for disregarding the statute of limitations both with respect to the four years and the ten years next before the commencement of this action. If the trial court was not fully satisfied of the truth of the excuse so made, it could readily find against the plaintiffs on that issue. The decree of the district court is in favor of the defendants. The pertinent language of the decree is:

"And the court, being now fully advised herein, does find generally upon the issues joined in favor of all of the defendants and said administrators and heirs, and, as well, in favor of said Maria Louise Dorsey and Laura H. Dorsey, on their respective cross-petitions or counterclaims, wherein they seek to have their respective titles to the real property described in their respective answers quieted against the claims of the plaintiffs, and for injunction against the plaintiffs thereto. The court further finds that the said Maria Louise Dorsey and Laura H. Dorsey are entitled to decree, respectively, quieting their titles to their said respective real properties, and for injunction as by them respectively prayed in their respective cross-petitions or counterclaims; and that all of the defendants are entitled to decree dismissing the plaintiffs' petition."

The plaintiffs' action was dismissed, and by an appeal plaintiffs have brought the case to this court.

Where husband and wife by their joint labor increase the extent and value of the wife's property without taking anything from the creditors of the husband, such creditors have no right to complain. Both of the Mrs. Dorseys had property of their own.

It appears that Mark M. Coad lived at Fremont for many years before the commencement of this suit. He must have known of the material facts alleged in his petition for many years, and the evidence does not show any want of knowledge on his part. More than 20 years elapsed between the creation of the debt and the commencement of this case. In the meantime three of the principal witnesses had died—Emma E. Dorsey, Emeline Benton, and Cornelia Bunnell. George W. E. Dorsey died within less than a month after the filing of the petition, and before any testimony had been taken. Four important witnesses are now dead. These persons, if living, could probably testify to the actual facts. They certainly knew them. These women, Maria Louise Dorsey and Laura H. Dorsey, should not have taken from them the property that they have been in adverse possession of for more than ten years before the commencement of the case. It must be remembered that there is no affirmative evidence in the record of any trust agreement or of any purchase of property by the above named defendants to be held by them for the benefit of George W. E. Dorsey or any other person.

The statutes provide that an action for relief on the ground of fraud must be commenced within four years after a discovery of the facts constituting the fraud, or of facts sufficient to put a person of ordinary intelligence and prudence on an inquiry, which, if pursued, would lead to such discovery. Parker v. Kuhn, 21 Neb. 413. In Parker v. Kuhn will be found a learned discussion on the application of the Nebraska statute of limitations in cases where fraud is charged. The learned Justice adopts, with approval, the language of Mr. Justice Clifford in Godden v. Kimmell, 99 U. S. 201, to the effect that courts of equity hesitate to enforce stale demands, and that, if relief be sought in such cases, plaintiff should set forth in his bill the reasons for the long delay in prosecuting an action.

A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and, if he had the means of discovery

in his power, he will be held to have known it.   *Wood v. Carpenter,* 101 U. S. 135.

As was above stated, Mark M. Coad lived in the city of Fremont.   He and George W. E. Dorsey were neighbors. It would seem that he should have discovered the frauds charged more than four years before the commencement of the action, if there were any frauds.   We find no sufficient reason for the delay in commencing the case.   It is shown that the plaintiffs' testator knew, or should have known, of the transfers of the property complained of, and he knew, or should have known, the facts pertaining to the allegations of fraud.   And he knew, or should have known, those things more than four years before the commencement of this suit.   On the pleadings and proofs the action is barred by the statute of limitations.

We are unable to say that the finding and judgment are wrong, and the judgment of the district court is therefore

AFFIRMED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.