DAVID HANNA ET AL., APPELLANTS, v. ANNA C. BERGQUIST ET AL., APPELLEES.

FILED JULY 8, 1918. No. 19680.

1. **Limitation of Actions: FRAUD.** An action for relief on the ground of fraud must be commenced. within four years, and, in any event, within four years of the discovery of the fraud. Rev. St. 1913, sec. 7569.

2. **Fraudulent Conveyances: HUSBAND AND WIFE.** Fraud is never presumed. Its existence must be clearly established by competent proof, but a conveyance from husband to wife, whereby a creditor is prevented from realizing upon his judgment, will be closely scrutinized, and, unless it is made in good faith, will be set aside.

3. ———: ———: EVIDENCE. Evidence examined, and *held* not to show bad faith on the part of the wife in purchasing and taking a conveyance of the land.

APPEAL from the district court for Harlan county: HARRY S. DUNGAN, JUDGE. *Affirmed.*

*J. B. Barnes* and *Dravo & Dilworth*, for appellants.

*O. E. Shelburn, contra.*

DEAN, J.

Plaintiffs began this action in the district court for Harlan county to set aside certain conveyances of land from Peter Bergquist to his wife, on the ground that they were made without consideration and to defraud creditors. Plaintiffs' petition was dismissed, and they appeal.

The action is in the nature of a creditor's bill and is based on a judgment for $2,312, obtained in the district court for Phelps county against Andrew Vandell as principal and Peter Bergquist as surety, on November 4, 1913. On December 1, 1908, Bergquist, "in consideration of $1 and love and affection," as stated in the deed, conveyed to his wife 240 acres of land in Harlan county, subject to a mortgage of $1,350. Of this tract 160 acres was the homestead upon which the Bergquist family resided for more than 20 years immediately preceding Peter's death, and there, without interruption, his widow and children resided at the time of the trial. On October 29, 1913, Bergquist conveyed to his wife an additional 160 acres of land, a tree claim adjoining the homestead for a stated consideration of $2,500. Both conveyances were recorded the day they were executed. Plaintiffs seek to subject so much of the land to the payment of their judgment as may be necessary for that purpose.

Peter Bergquist died intestate in Harlan county May 6, 1914. Anna C. Bergquist, his widow, and his seven children, some of whom are minors, are defendants, and they are his only heirs at law. Medora Bergquist, a daughter, was appointed and qualified as administratrix of the estate.

Section 7569, Rev. St. 1913, provides: "Within four years, * * * an action for relief on the ground of fraud" shall be commenced. There is an exception noted in the statute, but plaintiffs' claim does not come within that exception. So that as to the conveyance by Peter Bergquist to his wife on December 1, 1908, the present action is barred by the statute of limitations, the action in Harlan county having been commenced more than four years after the conveyance was made that is complained of. The timber culture tract conveyance of October 29, 1913, was not yet patented when the debt sued on was contracted, but it does not appear whether the final certificate was issued to Bergquist

before that time. 20 U. S. St. at Large, ch. 190, sec. 4, p. 114. But respecting that conveyance the district court expressly found that ample consideration passed from Mrs. Bergquist to Peter Bergquist therefor, and that it consisted of money "out of her separate estate, and in consideration of her relinquishing all her interest in certain lands owned by Peter Bergquist in Mexico."

It is also shown that the séparate estate of Mrs. Bergquist consisted in part of $2,500 or $3,000 that she received from her father's estate, and that she paid this money to her husband on the land. It sufficiently appears too that Mrs. Bergquist had no knowledge of plaintiffs' claim that would charge her with participation in or knowledge of any alleged fraud with respect to either of the conveyances at the time when they were executed. But as this is an equity case, we have examined the evidence and tried the case *de novo*. From this examination we find that there is ample testimony to support the judgment of the district court, and we have reached the same conclusion announced by that court.

Other questions are raised and argued in the briefs that we do not find it necessary to decide. Finding no reversible error, the judgment of the district court is

AFFIRMED.

SEDGWICK, J., not sitting.