CLIFFORD D. MARSHALL, APPELLANT, V. EDWARD W. ROWE ET AL., APPELLEES.

FILED APRIL 18, 1930. No. 27159.

*Walton B. Roberts, Marcus L. Poteet* and *Prince & Prince,* for appellant.

*John J. Ledwith* and *Horth, Cleary & Suhr, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, THOMPSON and DAY, JJ., and LIGHTNER, District Judge.

GOSS, C. J.

Plaintiff appeals from the judgment of the district court sustaining separate demurrers of the defendants.

To make clear the situation, it is necessary to state plaintiff's pleading rather fully. The pleading to which the defendants demur was a motion filed in the original case in which the judgment was entered in the district court for Lancaster county and was entitled "Motion to set aside satisfaction of judgment." The motion consisted of twelve paragraphs and was duly verified. It had all the forms of a petition. In the final order herein, on plaintiff's refusing to plead further and "electing to stand upon his petition, the court accordingly orders that plaintiff's petition and cause of action be and hereby is dismissed." The motion was filed September 24, 1928. It alleged that on or about April 28, 1915, plaintiff obtained in this action a judgment for $2,000 and costs against the defendants and that the judgment was affirmed on or about April 2, 1917, in the supreme court; that execution was issued on April 26, 1917, out of the district court for Lancaster county and on May 4, 1917, returned unsatisfied, for want of property of either defendant on which to levy; that on April 27, 1917, a transcript of the judgment was duly filed in the

office of the clerk of the district court for Hall county, Nebraska, execution was issued thereon, and on May 7, 1917, it was duly returned as unsatisfied, for want of any property on which to levy; that about 1915, while the action was pending in the district court for Lancaster county, the defendant McGrath purchased a described quarter section of land in Hall county, Nebraska, and received a warranty deed therefor, but the grantee's name was given in said deed as Susan E. McGrath, wife of the said defendant; that he had caused the deed to be put in his wife's name for the purpose of hindering, delaying, preventing and defrauding the plaintiff in the enforcement and satisfaction of his judgment, but that the said wife took title without consideration and held it in trust only for her said husband; that on or about May 8, 1917, plaintiff commenced an action in equity against the defendant McGrath and his wife to subject said real estate to the payment of said judgment; that the defendants therein filed an answer, which answer was not verified, denying each and every allegation contained in plaintiff's petition; that the plaintiff by his attorney filed a motion to strike the answer for the reason that it was not verified, the motion was sustained, and thereupon the defendant Benjamin R. McGrath filed a duly verified answer, denying each and every allegation contained in plaintiff's petition, and plaintiff alleges that said sworn statement was false and was known at the time by said defendant to be false and that said defendant knew at the time that he was the owner of the real estate and that it was held in trust by his wife solely as trustee for said defendant; that plaintiff was unable to disprove said statement, relied upon it and believed it to be true, and therefore accepted the sum of $1,500 in settlement of said judgment, which was then approximately $3,000, principal, interest and costs; that the settlement was obtained solely and only by the fraudulent statements heretofore referred to and that the release of said judgment was totally without consideration and void; that plaintiff did not know and had no means of discovering that said statements were

false, until about the 31st day of August, 1926, the said defendant McGrath having filed a petition in the district court for Hall county in which he sought to hold the said Susan E. McGrath as trustee of said real estate, and on a hearing thereof on the 20th day of August, 1926, the said McGrath testified that his wife had been at all times since 1914 the owner of record of said real estate, holding the legal title solely in trust for him. Plaintiff alleges that he did not know of the fraud until November 25, 1926, and that immediately upon the discovery of said facts he commenced an action in the district court for Hall county, Nebraska, and filed a motion in this case to revive the judgment. The plaintiff prayed, among other things, that the satisfaction be set aside and that defendants have credit for the amount paid as and when paid. The exact words of the satisfaction are not pleaded, but plaintiff alleged that the satisfaction shows on its face that the sum of money which plaintiff recovered was less than the amount due upon the judgment and that the release of the balance remaining unpaid was without consideration and void. There was no motion by defendants to make this pleading more specific.

Defendants separately demurred to this pleading on the grounds (1) that the court had no jurisdiction of the person of the defendant or subject-matter, (2) that there is another action pending between the same parties for the same cause, (3) that there is a defect of the parties defendant, and (4) that the motion does not state facts sufficient to constitute a cause of action or entitle the plaintiff to the relief prayed for.

The above four grounds of demurrer are among the six grounds provided in our Code. Comp. St. 1922, sec. 8610. But this section provides that none of these grounds are permitted to be set up by demurrer except when they appear on the face of the petition.

The court had jurisdiction of the person of each of the defendants because each defendant demurred and thereby appeared generally; it had jurisdiction of the subject-mat-

ter—to pass on the validity of a satisfaction of judgment alleged to have been procured by fraud—at least as between these, the same parties as in the original action, and where no intervening rights of innocent third parties are affected. Nor does it appear from the petition that there is another action pending between the same parties for the same cause. The "cause" here is to set aside the satisfaction of judgment. This disposes of the first two grounds of the demurrers. The record does not indicate the reasons of the district court for sustaining the demurrers, but it is evident they could not have been based on the grounds already mentioned.

On the question of procedure both parties cite *Fox v. State,* 63 Neb. 185; the appellant citing it as authority for the proposition that a motion filed in the original case is a proper procedure to cancel a satisfaction procured by fraud; the appellee citing it on the proposition that, where there is a conflict in the evidence, parties seeking relief should be left to an independent action. The opinion in that case was written by Pound, C., and approved by the court. It provides, citing authorities, that, generally, where a satisfaction of judgment has been procured by fraud or mistake, the proper course is to apply to the court in which is the record of the judgment by motion to set aside such satisfaction. But if rights of others, not parties to the original action, have supervened or would be unduly affected, or if the evidence is conflicting on material questions of fact arising upon the motion, the party seeking relief should be left to an independent action. *Knaak v. Brown,* 115 Neb. 260, 267, citing numerous authorities, is to the same general effect. It so happens in the present state of the instant case that the demurrers admit that there is no conflict of fact between the parties. It also appears, as before indicated, that the suit involves only the same original parties, and, while the pleading of the appellant is styled a motion, it is in form and substance an independent petition. In the order of dismissal the district court aptly called it a petition. The appellees might have

attacked it by motion to make its allegations of fact more specific or in any way an ordinary petition might be attacked, or they might have set up their defenses by answer. They chose to demur, and so we must consider that, for the present purposes, the suit was properly brought.

The appellees presented an able oral argument and submitted a strong brief in support of the judgment sustaining the demurrers; but on examination of the record we find they have taken facts for granted as appearing in the record before us which may appear in the previous history of the case or cases but which we cannot find in the record here. Unless these matters appear in the record they do not aid the demurrers. We believe we have faithfully stated the contents of the motion and of the record. Among the instances where the appellees state as facts upon which they ground their argument for affirmance but which we cannot take as facts in our review, because we cannot find them in the record, are the following: First, a rather complete history of a creditor's bill filed against the McGraths in Hall county in 1917, and a statement that it was dismissed with prejudice by Marshall; second, likewise a rather complete synopsis of another suit brought by Marshall for the same cause in the district court for Hall county on December 9, 1926, resulting, it is claimed, in a final judgment on demurrer in favor of McGrath on March 21, 1928; third, that the satisfaction of judgment involved here was "under seal, having been acknowledged by judgment creditor before a notary public and placed of record;" and, fourth, that the defendants are doctors, that the original judgment was obtained against them on a charge of negligence in a certain nose operation and that they were joint tortfeasors.

Under section 8512, Comp. St. 1922, a cause of action for relief on the ground of fraud shall not be deemed to have accrued until the discovery of the fraud. Such an action must be commenced within four years after discovery of the facts constituting the fraud, or of facts sufficient to put a person of ordinary intelligence upon an inquiry which

if pursued would lead to such discovery. *Parker v. Kuhn,* 21 Neb. 413; *Coad v. Dorsey,* 96 Neb. 612; *Hanna v. Bergquist,* 102 Neb. 658. Taking as true the allegations of the petition, this suit was begun in time.

The real crux of the case is whether the representations inducing the satisfaction of the judgment for a consideration less than the amount due was fraudulent or might as a matter of fact be found or considered fraudulent in the circumstances. We have to take as true the fact in substance 'that the Hall county land in Mrs. McGrath's name belonged to her husband and that in his answer to Marshall's petition to uncover the title McGrath denied that fact. The general denial is not to be considered in this phase of the question so much from its technical aspect as a pleading but rather as to what it imported in the way of truth in the light of a consequent settlement between the parties without a legal contest of the issues presented by the general denial. Whether or not a general denial need be verified in such a case or whether it strengthened the representation when the general denial was verified and filed we do not decide. What difference does it make whether he made the representation orally or in a letter or in a pleading? But it can readily be understood, if McGrath had admitted the fact, as he now admits it by demurrer, that he was indeed the real owner of the land, it is likely that Marshall would not have accepted so inadequate a sum in satisfaction of a judicially liquidated debt. The inference might follow that Marshall was induced to accept the representation and act upon it. So when Marshall alleged as a fact in these proceedings that he relied on this representation so made and the defendants admit by demurrer that he so relied, that becomes the admission of a pleaded fact.

Lastly, it is claimed in the argument by appellees that there is no ground alleged to justify Marshall in having the satisfaction set aside as to Rowe; that therefore the judgment will remain satisfied as to Rowe, if Marshall get what he asks for, and reinstated as to McGrath; that Mc-

Grath was always entitled to contribution from Rowe, and, if Marshall succeeded, McGrath will be deprived of this substantial right of contribution. Reference to the petition shows that Marshall "accepted the sum of $1,500 in settlement of said judgment," but we are unable to find therein any statement of the fact that McGrath alone paid it. Where they were jointly liable we cannot assume that both did not contribute to the amount paid. It may be that the form of the satisfaction, or some other receipt, or the facts that might be produced on complete issues of fact and a trial thereon, would indicate who actually paid the amount or how the parties contributed, if at all. On the record we do know that the judgment was satisfied with much less than full payment of the amount due. The representations of McGrath as to his property appear to have been the inducement to the judgment creditor to accept less than full payment. It seems to be the rule that payment of a judgment by one of two joint debtors operates as a satisfaction and extinguishment of the judgment as to both. 34 C. J. 689, sec. 1062. But there was no payment in full of the judgment here. "Whatever mode of procedure is pursued to cancel the record of the satisfaction of a judgment, the remedy sought is governed by equitable rules, the ultimate question being whether it is inequitable for the person relying thereon to avail himself of the entry of satisfaction." 15 R. C. L. 831, sec. 302. In the circumstances and as the record stands, Rowe cannot claim the advantage arising out of the representations of McGrath.

For the reasons stated, the judgment of the district court is reversed and the cause remanded.

REVERSED.