CALVIN J. RUCKER, APPELLEE, V. TAYLOR WARD, APPELLANT.

FILED MAY 12, 1936.   No. 29607.

*Cordeal, Colfer & Russell,* for appellant.

*Butler & James* and *C. D. Ritchie, contra.*

Heard before GOOD, EBERLY and PAINE, JJ., and CLEMENTS and THOMSEN, District Judges.

·CLEMENTS, District Judge. .

This action was brought by the plaintiff to recover the sum of $800 which the plaintiff claims is due him from the defendant by virtue of an agreement relative to the sale of certain real estate formerly owned by the plaintiff. As the sufficiency of the petition is questioned, it will be necessary to set out the allegations of the parties with some particularity.

The plaintiff alleges that on or about the 19th day of February, 1925, he was the owner of certain described land in Hayes county, Nebraska; that the land at said time was encumbered by a first mortgage in the principal sum of $4,000 and a second mortgage in favor of the defendant in the principal sum of $2,500; that the amount then due and owing on said mortgages was the sum of $9,000; that on or about said date the defendant induced the plaintiff to convey said land to the defendant for the amount then due upon said mortgages, namely, the sum of $9,000, and agreed with the plaintiff that, if the plaintiff could sell said land within the next year thereafter for a sum greater than $9,000, the plaintiff should have and receive all of the sale price in excess of said sum of $9,000; that in consideration of said agreement the plaintiff executed and delivered to the defendant a deed for said premises.

That· during the fall of 1925 the plaintiff obtained a purchaser for said land in one Harry Augustine at the price of $12,800, of which amount the sum of $3,000 was to be paid in cash, and brought said purchaser to the defendant. Thereupon the defendant privately and secretly continued and completed the negotiations and transactions with said Augustine and sold said land to said Augustine for the sum of $12,800; that said Augustine paid to the defendant for said land the sum of $3,800 in cash and gave a mortgage thereon in the sum of $9,000·; that the plaintiff did not know that the defendant had received a cash payment of $3,800, but believed that said sale had been completed by the payment of $3,000 and that the

payment of the sum of $9,800 was deferred; that the defendant accounted to the plaintiff for the sum of $3,000 and informed the plaintiff that said sum of $3,000 was all the money paid by Augustine.

That thereafter, at various times, between the 1st day of March, 1926, and the 12th day of November, 1934, the plaintiff inquired of the defendant if the balance of said sum of $3,800 had been paid by said Augustine and each time the defendant said it had not been paid; that the plaintiff did not learn that said $800 had been paid by said Augustine to the defendant until about the middle of July, 1934.

Defendant admits that the plaintiff owned the land as alleged, that it was mortgaged as alleged, admits the transfer of the land by the plaintiff to the defendant, admits an agreement to pay a sum to plaintiff if said land was sold within a year for more than $9,000, but says that this amount to be so paid was the sum of $3,000 only, admits the land was sold within the year to Harry Augustine for the sum of $12,800, alleges that he paid the plaintiff $3,000, alleges, if any cause of action ever accrued to the plaintiff on account of the transaction mentioned in the petition, it accrued on the 1st day of March, 1926, more than four years before the commencement of this action, and denies all allegations of the petition not admitted or qualified.

The reply was a general denial. The case was tried to a jury.

In the beginning of the trial, the defendant interposed an objection to the introduction of any evidence for the reason that the petition does not state facts sufficient to constitute a cause of action. This objection was overruled, trial was had and cause submitted to the jury. The jury found generally for plaintiff in the sum of $1,327. Judgment in this sum was rendered. Motion for a new trial filed and overruled. The cause comes here on appeal.

Before stating the facts as they appear from the evidence, we will examine the defendant's first assignments

of error, namely, that the court erred in overruling the oral objections of the defendant to the introduction of evidence. The defendant contends that the petition does not state a cause of action for the following reasons: (1) It does not allege facts constituting fraud. (2) It does not allege the employment by defendant of any trick or artifice which prevented discovery by the use of ordinary diligence of the cause of action. (3) It does not charge that the plaintiff used diligence to discover the alleged fraud. While a demurrer *ore tenus* is recognized by this court as permissible practice, and if the pleading to which it is addressed is totally defective, it is error to admit any evidence under said pleading; still, in the construction of a pleading so attacked, this rule obtains: "Where an objection that a petition does not state a cause of action is interposed for the first time during the trial of a cause, or after verdict, the pleading will be liberally construed in the light of the entire record, and, if possible, sustained. In such case, if the essential elements of plaintiff's **case may be implied** by reasonable intendment from the terms of the pleading assailed, they will be regarded as sufficiently alleged." *Dickinson v. Lawson,* 125 Neb. 646, 251 N. W. 656. A careful consideration of the defendant's contention as to the sufficiency of plaintiff's petition to withstand a demurrer *ore tenus* leads us to the conclusion that the trial court committed no error in overruling the objection and that the petition states a cause of action.

It is true that the acts of defendant complained of in the petition are not denominated fraud, nor are the acts of the plaintiff in trying to discover the truth named diligence, but this is not necessary if the defendant's acts as alleged were in their nature fraudulent and the alleged acts of plaintiff denoted diligence. "It is not essential that the words 'fraud' or 'fraudulent' be used in an action based on deceit or false representations." *Dolan v. Buckley,* 197 Ia. 1363, 199 N. W. 302. The defendant's seventh and eighth assignments of error may be considered together.

They are: (7) "The verdict and judgment are not sustained by the evidence." (8) "The verdict and judgment are contrary to the evidence."

From the admissions of the parties and the evidence introduced at the trial the following facts may be reasonably inferred: The ownership of the land by the plaintiff. Its transfer to the defendant upon an agreement that, if the defendant could find a purchaser for it within one year who would buy it at a sum in excess of $9,000, plaintiff was to have such excess. The finding of a purchaser by the plaintiff within the year who agreed to purchase the land for $12,800, pay $3,000 of said sum in cash, give a mortgage on the land for $9,000, the balance of the cash payment, namely $800, to be deferred for a time. That the plaintiff took the purchaser to the defendant who completed the sale, that sale was consummated at a price of $12,800, a mortgage of $9,000 taken, and the defendant induced the purchaser to pay the whole balance, namely $3,800 in cash. That the plaintiff did not know that more than $3,000 had been paid. That defendant paid the plaintiff $3,000 on said agreement and told the plaintiff that the balance, namely $800, had not been paid, but if it was paid in the future plaintiff would get it. That at various times thereafter the plaintiff asked the defendant if the $800 had been paid and told the defendant that he needed the money. That each time the defendant told him the $800 had not been paid. That in 1934 the plaintiff asked the defendant if the money had been paid, and the defendant answered, "He didn't think he (the purchaser) would ever be able to pay that." That the plaintiff had no knowledge that the $800 had been paid until July, 1934, when on inquiry of the purchaser he elicited that fact. The purchaser lived about ten miles from the plaintiff and plaintiff had seen the purchaser frequently between the time of the sale of the land and July, 1934. There was a sharp conflict in the evidence as to the agreement to pay to plaintiff all for which the land sold in excess of $9,000 and as to what was told to plaintiff

by defendant at the time the sale was completed, but the jury heard the evidence, saw the witnesses on the stand and their manner of testifying, and found generally for the plaintiff. They must have believed the plaintiff's evidence was true. We are not disposed to question the correctness of their finding in that respect.

The defendant does not seriously contend that we should do so. On page 21 of his brief, after calling attention to this conflict in the evidence, he says: "However that may be, the question is not important, as the decision in this case depends upon different considerations." The defendant's contention is that, admitting the truth of the plaintiff's evidence, it does not support the verdict of the jury for two reasons: (1) Because it does not prove fraud on the part of defendant. (2) Because it does not show diligence on the part of plaintiff in the discovery of the alleged fraud. We do not think this contention is tenable. The defendant's statement that the $800 had not been paid was false. In view of the circumstances and his continued denial that this money had been paid him, there can be no question but that the statement was made for the purpose of defrauding the plaintiff of money rightfully his due and which, by reason of this false and fraudulent representation, the defendant was able to convert to his own use. The statement was material, it was made with the intent to deceive, the defendant relied upon it and was injured. In short, it has every element of a fraud perpetrated by a false and fraudulent representation.

Is the plaintiff barred from recovering the amount found by the jury to be due him and of which he has been deprived by the defendant's fraud, for want of diligence in discovering the fraud?

It must be remembered that the plaintiff did not know any fraud had been practiced on him. He expected the payment of the $800 to be deferred. The inquiries made of the defendant were not made to discover fraud, but because he needed the money. He accepted the answers

of the defendant as made in good faith. Nothing had come to his knowledge that raised a suspicion that the defendant's answers were untrue until his inquiry of Augustine in 1934. The position of the defendant seems to be, conceding that the defendant told the plaintiff at various times the payment of $800 had not been made and that his answers were false and meant to deceive, still the plaintiff was not justified in believing them, but should have made an investigation to determine their falsity.

The defendant cites a number of cases that hold that, where the means of a discovery of a fraud are available to a party, he will be deemed to have discovered the fraud when, in the exercise of reasonable diligence, it could and ought to have been discovered. He argues from this that, because the plaintiff by making inquiry of Augustine could have discovered before the bar of the statute that the $800 had been paid, it should be held that he then discovered it. We think the defendant does not quite comprehend what is meant by the courts when they say "means of the discovery of a fraud." This is made plain by one of the cases cited by defendant. *Duxbury v. Boice,* 70 Minn. 113, 72 N. W. 838. In this case, the court said:

"To ascertain what constitutes 'a discovery of the facts constituting the fraud,' reference must be had to the principles of equity in which this provision had its origin, and which the legislature must be presumed to have had in mind when they enacted the statute. In granting relief on the ground of fraud the foundation principle of courts of equity was that the party defrauded is not affected by the lapse of time so long as he remains, without any fault of his own, in ignorance of the fraud that has been committed. * * * But equity aided the diligent, and not the negligent. It was opposed to stale claims, and would not permit a party to prolong, by his own laches, the time during which he might apply for relief. Hence, in actions in equity, the rule was that the means of knowledge were equivalent to actual knowledge; that is, *that a knowledge*

*of facts which would have put an ordinarily prudent man
upon inquiry which, if followed up, would have resulted in
a discovery of the fraud was equivalent to actual discovery."*
(Italics ours.)

Understood in this way, the rule laid down by these
decisions squares with the holdings of this court where
we say:

"An action for relief on the ground of fraud must be
commenced within four years after the discovery of the
facts constituting the fraud, or of facts sufficient to put
a person of ordinary intelligence and prudence on an
inquiry which, if pursued, would lead to such discovery."
*Parker v. Kuhn,* 21 Neb. 413, 32 N. W. 74; *Coad v. Dorsey,*
96 Neb. 612, 148 N. W. 155.

The defendant has not pointed out, nor can he, from
the evidence, one fact or circumstance discovered by the
plaintiff before 1934 that would lead the plaintiff to
believe or raise a suspicion in his mind that any fraud
had been perpetrated on him. He had the positive state-
ment of the defendant that the money had not been paid.
He had a right to rely on this statement and was not
called upon to make an investigation as to its truth or
falsity.

"A person is justified in relying on a representation
made to him in all cases where the representation is a
positive statement of fact, and where an investigation
would be required to discover the truth." *Perry v. Rogers,*
62 Neb. 898, 87 N. W. 1063.

The defendant strenuously contends that, because the
purchaser, Augustine, lived within ten miles of the plain-
tiff and the plaintiff saw him numerous times before it is
claimed the action was barred by the statute and could
have learned of the payment of the $800 by inquiry from
him, this shows such negligence on his part that he should
not be permitted to maintain this action. In view of the
fact that the plaintiff was making inquiries of the defend-
ant and that nothing had come to his knowledge to raise
a suspicion that the defendant's answers were untrue, we

cannot agree with this contention. In a recent case handed down by the Oklahoma court, *Liberty Nat. Bank v. Lewis*, 172 Okla. 103, 44 Pac. (2d) 127, this question was raised and decided adversely to defendant's contention. The Oklahoma case is almost identical with the instant case. The plaintiff left a note with the bank for collection, the bank made the collection but told the plaintiff the note had not been paid. After the statute had run, the plaintiff discovered the falsity of this statement. When an action was brought to recover the amount collected, the bank contended that inquiry of the maker who lived in the same neighborhood would have revealed that the note had been paid, and therefore the plaintiff was charged with constructive knowledge of the fraud. After stating the law as follows: "One who wrongfully conceals a material fact necessary to the accrual of a cause of action against him, and such concealment causes the opposite party to delay the filing of suit, cannot avail himself of the statutes of limitation as a defense;" the court rejected the contention of the bank, and in the opinion said: "We are not of the opinion that the fact of plaintiff's living in the same community with the maker of the note, and that he could have gone to the maker and learned that the payment had been made, should take this case out of the operation of the principle above announced."

The last assignment of error that need be noticed is the defendant's complaint as to the court's instructions. In his motion for a new trial, the defendant alleges error in the giving of every instruction, 13 in number, however he confines his argument to instructions No. 6 and No. 9. Instruction No. 9 is as follows:

"In the event you find, from a preponderance of the evidence, that the plaintiff had knowledge at a time more than four years prior to the commencement of this action (this action having been commenced February 8, 1935) that the defendant had collected the sum of $3,800 in money, in addition to securing a $9,000 mortgage from the

said Augustine, then the plaintiff's right to recover herein is barred by the statute of limitations; and, if you so find, your verdict should be in favor of the defendant."

We do not understand that the defendant contends that this instruction is not correct so far as it goes, but he insists that the court should also have instructed:

"That the action must have been commenced within four years after the discovery of the facts constituting the alleged fraud, or of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would have led to discovery of the alleged fraud."

This correctly states the law, but it is not applicable to the facts in this case. There was no evidence that any fact or circumstances was discovered by the plaintiff before 1934 that should have raised a suspicion in his mind that he had been defrauded. This case was not tried on that theory and no evidence of such a nature was sought to be introduced. The case was tried upon the theory that the plaintiff did not have a right to rely upon the statements of the defendant that the $800 had not been paid, and that his failure to investigate to discover the falsity of such statements was such negligence as would bar his recovery.

The defendant's complaint as to instruction No. 6 is confined to the last five lines of paragraph D thereof. Instruction No. 6 purports to give a summary of the material allegations of the petition. The last five lines of paragraph D of such instruction are as follows:

"That plaintiff was induced and persuaded to refrain from investigating, through other sources, as to the payment of said $800, by reason of misrepresentation of the defendant Ward, to the effect that such payment of $800 had not been made."

The plaintiff did not plead, in terms, that plaintiff was induced and persuaded to refrain from investigating through other sources as to the payment of said $800 by reason of misrepresentations of the defendant Ward to

the effect that such payment of $800 had not been made. The jury should not have been told that this was a material allegation of the petition. However, we do not think the defendant was injured thereby. In instruction No. 1 all the allegations of the petition are correctly set out. The statement complained of in paragraph D of instruction No. 6 is a legitimate inference from the allegations of the petition and the evidence. The only objection the defendant could have to it is that it was included in an instruction which purported to state the material allegations of the petition. As a statement of the law of the case, it was far too favorable to the defendant. It confined the plaintiff's right to recover to one theory only. We do not think the defendant has been prejudiced by the giving of this instruction, and we think the instructions, when considered together as a whole, contain no such prejudicial error as to require a reversal of the judgment.

In view of the foregoing, the judgment of the trial court is

AFFIRMED.