MERRIL R. RELLER, APPELLANT, v. HARRY R. ANKENY, APPELLEE.

68 N. W. 2d 686

Filed March 4, 1955. No. 33652.

*John McArthur,* for appellant.

*Clarence S. Beck,* Attorney General, and *Homer L. Kyle,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

This litigation concerns damages alleged to have been caused appellant on account of the malicious composition and publication of defamatory and libelous statements by appellee of and concerning appellant.

The charges made in the petition are: That appellant has resided in Lancaster County during the years of his life, has a large acquaintance therein, is licensed to practice law in Nebraska, is actively engaged in the

practice of his profession, and the greater part of his professional business is in the district court for the Third Judicial District of Nebraska, the area of which is the territory of Lancaster County; that appellee resides in Lincoln and is a judge of said district court; that on or about April 23, 1954, appellee maliciously composed and published of and concerning appellant scandalous, defamatory, and libelous statements contained in a writing, a copy of which is made a part of the petition as Exhibit A; that a writing referred to as Exhibit 10 in the writing identified as Exhibit A and made a part of the petition is another false and defamatory publication made by appellee of and concerning appellant July 20, 1950, a copy of which is made a part of the petition as Exhibit B; that the statements were false and the effect of them, if true, would be to cause the disbarment of appellant and subject him to severe penalties provided by law, including fines and imprisonment; and that appellant had been damaged by the statements contained in Exhibit A in a stated amount. The statements made a part of the petition are lengthy and only parts of them will be recited to the extent proper in the discussion of the matters presented for decision.

Appellee interposed a motion for an order dismissing the petition of appellant because the facts stated in it were not sufficient in law to state a cause of action against appellee, it being apparent, as alleged in the motion, from facts stated in the petition that the alleged libelous matter therein referred to was privileged. The motion was sustained and a judgment of dismissal rendered. This appeal contests the legality of the action of the district court.

Appellant insists that there is no procedure in this state that permits a motion to dismiss a petition to be employed to test its sufficiency to state a cause of action, and that a litigant does not have an option to question the sufficiency of a pleading to state a cause of action by either a motion to dismiss or a general demurrer. In

State ex rel. Thompson v. Donahue, 91 Neb. 311, 135 N. W. 1030, Ann. Cas. 1913D 18, a ruling of the district court on a pleading designated a motion to quash was sustained by this court because no objection to it was made and counsel for the parties and the court treated the motion as a general demurrer. The opinion in that case says: "A motion was filed by the respondent which was treated by the counsel and the court as a general demurrer to the information. This motion was overruled, and the respondent now contends that this ruling was wrong and that the information fails to state any cause of action against the respondent." In State ex rel. Johnson v. Consumers Public Power Dist., 142 Neb. 114, 5 N. W. 2d 202, it was concluded that a motion to dismiss could not, over an objection of the adverse party, be employed to test the sufficiency of the pleading to state a cause of action; that such a motion and a general demurrer were not interchangeable; and that a timely objection to a motion for such a purpose was not a captious objection but was substantial and meritorious because the results of the two procedures involved fundamental differences. The sustaining of a demurrer does not end the case in the court in which it is pending. The statute assures the adverse litigant the right to amend his pleading, a refusal of which presents a question for judicial review. If a motion to dismiss is granted the case is ended. Any amendment thereafter is a judicial grace and not a right. It is said in that case: "The forms of pleading in civil actions in courts of record and the rules by which their sufficiency may be determined are those prescribed by our Civil Code. * * * Our Civil Code as a statute complete in all its parts should be so construed as to make all of its parts harmonize with each other and render them consistent with its general scope and object."

The postulate of appellee that a motion to dismiss a petition on the ground that it does not state a cause of action is authorized by the procedure of this state may

not be accepted. The five decisions of this court relied upon to sustain this argument contain nothing to support it. They are properly characterized in Feight v. Mathers, 153 Neb. 839, 46 N. W. 2d 492: "But in the foregoing cases either the litigant elected to stand on the pleadings at which the order was directed, continued to file pleadings that were subject to the same criticism, or filed pleadings which sought to circumvent the effect of the court's order." State ex rel. Johnson v. Consumers Public Power Dist., *supra,* repudiates the argument of of appellee on this subject. A motion to dismiss may not be employed, when opposed by proper and timely objection, to perform the function of a demurrer.

In the pending case appellant made no objection to or assault upon the motion to dismiss filed by appellee or to the use of it to test the sufficiency of the petition in the case to state a cause of action. Appellant rather acquiesced in and consented that it should be employed for the purpose intended by appellee and the district court by its action approved of that procedure. The record recites that this cause came on to be heard upon motion of appellee to dismiss the petition of appellant, and by agreement of appellant and the attorney for appellee it was submitted to a judge of the district court; and that briefs were filed, and on due consideration the court sustained the motion and dismissed the case. A litigant may not effectively complain of a course of action he induced or in which he concurred. Appellant did not seek the right to amend his petition in that court. His complaint that the motion to dismiss the petition was an improper and unauthorized pleading and that it should have been a demurrer comes too late. It was necessary for him to make that objection in a proper manner in the trial court to have it considered in this court. It is a rule of practice that any question, except jurisdiction of the court, must be presented to or passed on by the trial court to be available for consideration and determination in this court. Badura v. Lyons, 147

Neb. 442, 23 N. W. 2d 678; Dodge v. Galusha, 151 Neb. 753, 39 N. W. 2d 539. If the conclusion of the district court that the petition did not and could not be made to state a cause of action was correct the appellant was not prejudiced by the order sustaining the motion or the judgment of that court. A case will not be reversed for an error of the trial court if the complaining party is not entitled to succeed in any event. James v. Hogan, 154 Neb. 306, 47 N. W. 2d 847.

The pleading of appellee to the petition of appellant was an admission that the statements and insinuations shown by Exhibits A and B of and concerning appellant of which he complains in the petition were false and that they were actuated by malice. Shumway v. Warrick, 108 Neb. 652, 189 N. W. 301. The position of appellee in this litigation is that though the language used concerning appellant is libelous appellee, because of the office he occupies and the circumstances and occasion of the publication, is insulated by the rule of absolute privilege from an action for damages.

The cause of action intended to be stated by appellant was not contributed to by anything contained in Exhibit B. Appellant does not allege that he was damaged thereby. His petition asserts that he was damaged only "by said malicious, false, and defamatory statements" made in Exhibit A. The writing, Exhibit B, contains proof that it was composed and published July 20, 1950. It bears that date and it contains the statement "Copies of this opinion are this day sent to counsel, Merril R. Reller * * *. Original thereof is entered herein." An allegation of appellant in his petition is that it was "made and published * * * on the 20th day of July, 1950 * * *." This case was commenced April 29, 1954. Any cause of action because of anything expressed in Exhibit B was barred before this case was commenced. An action for libel, slander, or assault and battery may only be brought within 1 year from its accrual. § 25-208, R. R. S. 1943; Markel v. Glassmeyer, 137 Neb. 243, 288 N. W. 821. The

contents of Exhibit B are of no importance in the consideration and decision of this appeal.

The view of appellant that there are false statements in the writing, Exhibit A, maliciously made by appellee of and concerning appellant which are inherently libelous may be accepted for the purpose of deciding if the petition states a cause of action that may be maintained against appellee, a judge of the district court at the time they were made and published. The exhibit was made a part of the petition for all purposes and as completely as though it had been entirely set out in the pleading. An exhibit made a part of a pleading by direct allegation to that effect is a part thereof and it may be thus considered in deciding if the pleading states a cause of action or a defense. The contents of such an exhibit prevail over any allegation of the pleading that is inconsistent therewith and such an exhibit may be considered by the court without reference to the legal effect thereof as alleged in the pleading. American Surety Co. v. School District, 117 Neb. 6, 219 N. W. 583; Department of Banking v. Flotree, 135 Neb. 416, 281 N. W. 857; Gibson v. Koutsky-Brennan-Vana Co., 143 Neb. 326, 9 N. W. 2d 298; School District v. Wood, 144 Neb. 241, 13 N. W. 2d 153.

The exhibit made a part of the petition has a caption as follows:

"IN THE DISTRICT COURT OF LANCASTER COUNTY, NEBRASKA

THE STATE OF NEBRASKA in the Interest of MICHAEL ALLEN GODDEN, etc. : Juvenile Department Docket 18, Page 252 An Observation and Comment by the Court in connection with the proceeding to Disqualify the Judge of the Juvenile Court."

The exhibit speaks of the filing of a motion to disqualify appellee from hearing further proceedings therein. It relates to a limited extent the discussions of two inter-

views, in one of which appellant participated, concerning such a procedure before it was resorted to; it comments on what is described as "* * * Affidavit of Merril R. Reller filed in support of motion"; it recites that on the basis of the interviews and the observations concerning inaccuracies and untrue statements made in the affidavit of appellant his true intent in this proceeding (case concerning Michael Allen Godden) is apparent; and that appellant has repeatedly failed to discharge his obligations as a member of the Bar and as an officer of the court of which appellee was a judge in connection with the administration of justice. The exhibit recites that the "Original thereof is filed of record herein." It was signed "Harry R. Ankeny, Judge of the District Court, Juvenile Division." The record does not disclose the status of the proceeding identified by the caption shown on the exhibit at the time it was composed and published or if the motion to disqualify appellee from acting in the proceeding was then pending and undecided. There is no allegation in the petition that appellee was not acting in his judicial capacity as a judge of the court with complete jurisdiction in reference to a pending matter involving the person named as Michael Allen Godden. It does not allege that appellee was acting in a private capacity in the composition and publication of the matters shown by the exhibit. There was such a case. It was appealed in 1953 from the district court for Lancaster County to this court, and reversed and remanded to the district court. It concerned Michael Allen Godden, Merril R. Reller was counsel therein, and appellee had heard the case as judge of the district court. It had the same docket number and page as appear in the caption as a part of Exhibit A. The mandate of this court was issued to the district court March 19, 1954. Ripley v. Godden, 158 Neb. 246, 63 N. W. 2d 151. The district court, at all times important to this case, was authorized to entertain and conduct proceedings by virtue of the Juvenile Court Act involving a

neglected, dependent, or delinquent child. §§ 43-201 to 43-227, R. R. S. 1943. It is proper to conclude from what has been recited in reference to the petition of which the exhibit is a part that at the time the statements shown by it were written and published by appellee there was a matter in the district court over which it had jurisdiction; that appellee as a judge of the court was acting and speaking in reference thereto; that he was not acting in a private capacity when he wrote and published the matter of which complaint is made herein; and that he was then within the immunity from liability created by law for the protection of judges when acting within the scope of their official functions and duties.

In Restatement, Torts, § 585, p. 225, it is said: "A judge or other officer performing a judicial function is absolutely privileged to publish false and defamatory matter in the performance of such function if the publication has some relation to the matter before him." In the comment appears the following: "a. The privilege of a judge engaged in the performance of his judicial function is absolute. Therefore, the personal ill will of the judge is immaterial. So too, it is immaterial that he knows the defamatory matter to be false. * * * Abuse of his official position by a judicial officer may subject him to impeachment, recall or removal, but it will not subject him to a civil action for defamation. * * *

"d. The judicial function is usually exercised in the course of judicial proceedings, that is, after the commencement or institution of such proceedings and before the termination thereof. * * * It is immaterial whether the judicial proceedings are ex parte or inter partes or whether they are preliminary, interlocutory, or final in character. It is not necessary, however, that the judge be engaged in the conduct of a trial or that he be participating in a judicial proceeding at the time of the defamatory publication. It is necessary only that he be engaged in the performance of a judicial function. He may be so

engaged before the commencement of or after the termination of judicial proceedings or while in his judicial capacity he is discussing with counsel for prospective litigants judicial proceedings which, while then contemplated, are in fact never instituted.

"e. Relation of statement to proceedings. It is not necessary that the defamatory matter be relevant or pertinent to any issue before the court in a judicial proceeding. It is necessary only that it have some reference to the judicial function which the judge is performing. * * * However, the protection is not lost by the mere fact that the defamatory publication is an indiscretion or a display of personal antagonism on the part of the judge or that it is not pertinent to the subject of the inquiry if it is not altogether disconnected therefrom."

In Bradley v. Fisher, 13 Wall. 335, 20 L. Ed. 646, the court said: "In other words, if (the plea) sets up that the order for the entry of which the suit is brought, was a judicial act, done by the defendant as the presiding justice of a court of general criminal jurisdiction. If such were the character of the act, and the jurisdiction of the court, the defendant cannot be subjected to responsibility for it in a civil action, however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff. * * * The principle, therefore, which exempts judges of courts of superior or general authority from liability in a civil action for acts done by them in the exercise of their judicial functions, obtains in all countries where there is any well-ordered system of jurisprudence. It has been the settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country. It has, as Chancellor Kent observes, 'a deep root in the common law.' * * * Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed. The purity of their motives can-

not in this way be the subject of judicial inquiry." It is further said therein: "* * * judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly. A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority * * *. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case * * *." See, also, Spalding v. Vilas, 161 U. S. 483, 16 S. Ct. 631, 40 L. Ed. 780; Mundy v. McDonald, 216 Mich. 444, 185 N. W. 877, 20 A. L. R. 398; Nadeau v. Texas Co., 104 Mont. 558, 69 P. 2d 593, 111 A. L. R. 874; Annotations, 20 A. L. R. 407, 146 A. L. R. 913; 53 C. J. S., Libel and Slander, § 104, p. 177.

The judgment of the district court should be and it is affirmed.

AFFIRMED.