VERNON WAYNE TENNYSON, DOING BUSINESS AS RAPID CITY COLOR LABORATORIES, APPELLANT, v. AL J. WERTHMAN, APPELLEE.

92 N. W. 2d 559

Filed October 17, 1958. No. 34413.

*Reeker, Tews & McFadden* and *Daniel D. Jewell,* for appellant.

*Philip H. Robinson,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

BOSLAUGH, J.

The substance of the petition of appellant is that the appellee published and distributed through the United States mail on or about May 12, 1955, libelous matter concerning appellant, to wit: "P.S. ONE OF THESE KIDNAPPERS (TRAVELING PHOTOGRAPHERS) IS SETTING UP SHOP ONE DAY DURING THE WEEK OF MAY 22 IN THE HARTINGTON HOTEL BUILD-

ING IN HARTINGTON. THERE WILL BE OTHERS. REMEMBER—YOU HAVE BEEN WARNED." Appellant and appellee were business rivals and the object of appellee in publishing the libelous matter concerning appellant was to injure his business and build up the business of appellee. The libelous matter was extensively circulated and caused appellant large damage, injuring his business and reputation in the sum of $30,000 for which he prayed judgment against appellee.

The amended petition of appellant states: He was at the times mentioned a traveling photographer engaged in that business using the name Rapid City Color Laboratories. In 1955 and for several years prior thereto he had operated his business in Hartington, Nebraska, during several weeks each year. Appellee was at the time stated in the pleading engaged in the photography business in the designated city. Appellee published and distributed through the United States mail on or about May 12, 1955, libelous handbills which stated: "P.S. One of these kidnappers (Traveling Photographers) is setting up shop one day during the week of May 22 in the Hartington Hotel Building in Hartington. There will be others. Remember—YOU HAVE BEEN WARNED:" A copy of one of the handbills was attached to and made a part of the pleading. Appellant and appellee were business rivals and the libelous matter was published and circulated concernng appellant for the purpose of injuring his business and increasing the business of appellee. The libelous matter was extensively circulated and has caused appellant large damage by injuring his business and reputation in the sum of $30,000 for which he prayed judgment against appellee.

A motion of appellee to strike the amended petition of appelllant because it stated a new cause of action, was a departure from the one pleaded in the original petition, and was barred by the statute of limitations when the amended petition was filed was sustained by the trial court and the amended petition stricken from

the record of the case. A general demurrer of appellee to the original petition of appellant was then sustained. Appellant elected not to plead further and a judgment of dismissal of the case was rendered. The present appeal was occasioned by that action of the trial court.

The amended petition was stricken from the record because the hypothesis of appellee was accepted by the trial court that it stated a new and different cause of action than that claimed to be stated in the original petition; that the petition did not state a cause of action and therefore it was not effective to toll the statute of limitations; and that more than 1 year had elapsed between the publication of the alleged libel, May 12, 1955, and the filing of the amended petition, November 8, 1956. If this hypothesis was true, the ruling of the court was correct when it eliminated the amended petition from the case. An action for libel must be commenced within 1 year of the publication of the defamatory matter, the basis of the action. § 25-208, R. R. S. 1943; Reller v. Ankeny, 160 Neb. 47, 68 N. W. 2d 686. The statute of limitations is not tolled as to an amendment to a petition which alleges a new and different cause of action. If the facts incorporated into a petition by amendment constitute a cause of action independent from that stated in the original petition, the statute of limitations against the cause of action pleaded in the amendment runs until the filing of such amended petition. Buerstetta v. Tecumseh Nat. Bank, 57 Neb. 504, 77 N. W. 1094.

The petition in the first paragraph alleges the publication by appellee of the libelous matter relied upon by the pleader, and the time of the publication. The second paragraph states the libelous matter quoted in the first paragraph was published of and concerning appellant, who was a rival in business of appellee, to injure appellant in his business and to benefit appellee in his business. The concluding paragraph of the pleading asserts wide publication and distribution of the alleged libelous

matter with resulting injury to the reputation of appellant and damages in a specified amount.

The first two paragraphs of the amended petition state the nature, character, and location of the business of each of the parties in detail and more fully than the statement of the original petition that they were business rivals. There was an inference or implication from the allegation that they were business rivals and the identification of appellant as a traveling photographer in the libelous matter that each was engaged in the photography business, as is alleged in the amended petition. The identical alleged libelous matter quoted in the petition is repeated in paragraph 3 of the amended petition, and the entire handbill containing the quoted matter was made by proper statement a part of the amended petition. The identical libel and publication alleged in the petition are repeated in the amended petition. The matter alleged in paragraph 4 of it is the same as paragraph 2 of the petition except the first sentence thereof which was omitted as surplusage because it was properly a matter of defense. Paragraph 5 of the amended petition is in substance and legal effect identical with paragraph 3 of the original petition.

An amended petition which only amplifies, clarifies, or gives greater fullness of detail than is alleged in the original pleading does not state a new cause of action. The amended petition is of this character. It preserves in all respects the identity and characteristics of the identical cause of action alleged in the petition. There was but one libel and one cause of action alleged in the two petitions.

Zitnik v. Union P. R. R. Co., 95 Neb. 152, 145 N. W. 344, states: "The amended petition merely amplified and set out more specifically the various acts of omission and commission of the defendant which it is claimed were included in the general allegations of negligence in the original petition. We think this is permissible, and that the amplification of the charge did not consti-

tute the bringing of a new action for a different cause." In a headnote to that case it is said: "In an action for the negligent killing of plaintiff's decedent, plaintiff may amend her petition by alleging other and additional grounds of negligence. Such amendment does not amount to a departure, and does not render the petition vulnerable to a plea of the statute of limitations * * *." See, also, Johnson v. American Smelting & Refining Co., on rehearing, 80 Neb. 255, 116 N. W. 517; Buerstetta v. Tecumseh Nat. Bank,'supra; Kennedy v. Potts, 128 Neb. 213, 258 N. W. 471; Faulhaber v. Roberts Dairy Co., 147 Neb. 631, 24 N. W. 2d 571; Annotation, 171 A. L. R. 1087.

The record yields no support to the claim of appellee that the theory of the original petition was that appellee had charged appellant with being a kidnapper; that the amended petition embraced the theory that the entire publication, the handbill, charged appellant with bad business practices to his detriment; and that such a shift of theory constituted and substituted a new and independent cause of action in the litigation. The action of the trial court in striking the amended petition from the record was incorrect unless the original petition wholly failed to state a cause of action.

The trial court sustained a general demurrer to the original petition. The determination of the sufficiency of the petition in this regard must be made exclusively from what is presented therein. The court must accept the facts as set forth in the petition and may not notice or consider extrinsic matters in determining whether the pleading states a cause of action. The court may not look beyond the pleading against which the demurrer was directed. Todd v. Board of Educational Lands & Funds, 154 Neb. 606, 48 N. W. 2d 706; Hester v. Young, 154 Neb. 227, 47 N. W. 2d 515. The petition does not allege special damage. A petition, to be sufficient to charge a cause of action for a libel, which does not contain an allegation of special damage, must aver a publication which is libelous per se. Callfas v. World Publish-

ing Co., 93 Neb. 108, 139 N. W. 830; Hudson v. Schmid, 132 Neb. 583, 272 N. W. 406; Barry v. Kirkland, 149 Neb. 839, 32 N. W. 2d 757.

The libelous publication alleged to have been made by appellee of and concerning appellant, according to the petition, is as follows: "P.S. ONE OF THESE KID-NAPPERS (TRAVELING PHOTOGRAPHERS) IS SETTING UP SHOP ONE DAY DURING THE WEEK OF MAY 22 IN THE HARTINGTON HOTEL BUILD-ING IN HARTINGTON. THERE WILL BE OTHERS. REMEMBER—YOU HAVE BEEN WARNED." This must be, as a matter of law, libelous per se or the petition fails to state a cause of action and the general demurrer thereto was correctly sustained by the trial court. The petition charges, and appellee admits, that the quoted matter was published on or about May 12, 1955, by appellee of and concerning appellant; that the parties were business rivals; that the purpose appellee had in publishing the quoted matter was to injure appellant's business and to benefit appellee in his business; and that the defamatory matter was extensively circulated and resulted in injury and great damage to the business and reputation of appellant alleged to be the sum of $30,000. The general demurrer of appellee to the petition admitted the truth of the facts alleged therein and any implication naturally following from the publication. Heckes v. Fremont Newspapers, Inc., 144 Neb. 267, 13 N. W. 2d 110. Such an implication is that the parties were each engaged in the photography business because of the allegation that they were rivals in business and the identification by the publication that appellant was a traveling photographer.

The language of the publication asserted to be libelous may not be considered in a technical manner but must be interpreted in its ordinary and popular sense. In World Publishing Co. v. Mullen, 43 Neb. 126, 61 N. W. 108, 47 Am. S. R. 737, it is stated: "The courts no longer strain to find an innocent meaning for words prima facie

defamatory, neither will they put a forced construction on words which may fairly be deemed harmless. * * * In determining whether the words of a publication are libelous the courts will not resort to any technical construction of the language used, but read the language in court as they would read it elsewhere. * * * Language alleged to be libelous is to be construed in its ordinary and popular sense, and the question is whether the language, when so construed, conveys, or is calculated to convey, to persons reading it the charge of a crime." See, also, Pokrok Zapadu Publishing Co. v. Zizkovsky, 42 Neb. 64, 60 N. W. 358; Bigley v. National Fidelity & Casualty Co., 94 Neb. 813, 144 N. W. 810, 50 L. R. A. N. S. 1040; Morearty v. Strunk, 118 Neb. 718, 226 N. W. 329.

Appellee asserts the only construction which can be placed upon the words "(Traveling Photographers)" in the publication is that they are an explanation of the term "kidnappers" therein. This argument expresses more confidence than it induces conviction. It is not probable the reading public to whom the defamatory material was distributed would or did understand the author intended to say that traveling photographers were, because of the business in which they were engaged, kidnappers. It is much more logical to conclude the reading public understood the author of the publication was informing them that the traveling photographer who was coming to Hartington at the time designated was not only a traveling photographer but he was also a kidnapper. It is significant that the defamatory material set forth in the petition was labeled a postscript. A permissible inference is that the author intended it to be of such a nature that all who read it would understand that appellant was a most despicable character and should be certainly and entirely avoided. The crime of kidnapping is a serious, deliberate, and heinous one which frequently causes the perpetrator to commit other crimes to the injury of the victim and in some instances even to cause his death. The Legislature so considered

it. § 28-417, R. R. S. 1943. It is so regarded and condemned by all right-thinking people. This publication, considered in an ordinary and popular sense, charged that appellant was a kidnapper. It was libelous per se and the original petition alleged a cause of action. Heckes v. Fremont Newspapers, Inc., *supra,* declares: "A publication is libelous per se if the nature and obvious meaning of the language is such as to impute to a person the commission of a crime, or to subject him to public ridicule, ignominy, or disgrace, or to render him contemptible or ridiculous in public estimation, or to expose him to public hatred or contempt, or to hinder virtuous men from associating with him." See, also, Barry v. Kirkland, *supra;* Rimmer v. Chadron Printing Co., 156 Neb. 533, 56 N. W. 2d 806.

The judgment should be and is reversed and the cause is remanded to the district court for Cedar County with directions to overrule the demurrer of appellee to the original petition, to deny the motion of appellee to strike the amended petition from the record of the case, and for further proceedings in accordance with law.

REVERSED AND REMANDED WITH DIRECTIONS.