H. W. Patterson, Appellant, v. Carl W. Renstrom et
al., Appellees.
195 N. W. 2d 193
Filed March 3, 1972. No. 38040.

Walsh, Walentine, Wolfe, Miles & Katskee, for appellant.

Edward G. Garvey, James R. McGreevy, and Cline, Williams, Wright, Johnson & Oldfather, for appellees.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

McCown, J.

The plaintiff, H. W. Patterson, brought this action against the defendants, Carl W. Renstrom and Tip-Top Products, a corporation, for damages from certain allegedly slanderous, libelous, and defamatory letters published and mailed in November 1960. The defendants demurred on grounds that the claim was barred by the statute of limitations. The demurrers were sustained and the plaintiff has appealed.

Plaintiff operates a business under the name of The Ti-Not Company which sells a women's rubber hair fastener. The defendant, Carl W. Renstrom, is the president of the defendant Tip-Top Products, a corporation. That company operates out of Omaha, Nebraska, and manufactures and sells various hair accessory products.

In October 1960, the plaintiff wrote to some of his customers that the defendant, Tip-Top Products, was misrepresenting the patent status of a competing Tip-Top product. In November 1960, Tip-Top Products, in a letter to its customers, written by defendant Renstrom, responded by agreeing to hold the customers harmless

on all claims pertaining to the questioned patent. In some letters, Tip-Top also enclosed a Dun and Bradstreet report on plaintiff Patterson and his business and referred to plaintiff's "considerable irresponsibility."

In October 1970, in the course of a patent suit, the plaintiff discovered that such letters had been written by the defendant, Tip-Top, in 1960. This action was filed on November 6, 1970, in the district court for Douglas County.

The sole issue argued in the district court involved the applicable statute of limitations and when it began to run. It is the plaintiff's contention that the statute of limitations in an action for libel or defamation should not begin to run until the fact of the libel or defamation is discovered. He relies on judicial interpretations of limitation statutes applicable to professional malpractice and fraud cases.

Section 25-208, R. R. S. 1943, provides in part: "The following actions can only be brought within the periods herein stated: Within one year, an action for libel, slander, assault and battery, false imprisonment, malicious prosecution, or an action upon a statute for a penalty or forfeiture, * * *."

In this state, the statute of limitations in a libel action commences to run upon publication of the defamatory matter which forms the basis of the action. See, Tennyson v. Werthman, 167 Neb. 208, 92 N. W. 2d 559; Reller v. Ankeny, 160 Neb. 47, 68 N. W. 2d 686.

Even if it be assumed that a 4-year statute of limitations was involved or that the principles involved are akin to those of malpractice or fraud, it does not help the plaintiff. In such cases we have consistently held that "discovery" means discovery of the facts constituting the basis of the cause of action, or the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery. See Jameson v. Graham, 159 Neb. 202, 66 N. W. 2d 417.

Here there is no allegation of fraud or fraudulent concealment. By analogy the statute of limitations under section 4 of the Clayton Act involves related issues. Under that statute mere ignorance of the facts constituting a cause of action, in the absence of the defendant's fraud, and mere ignorance of the evidence which would be probative of the plaintiff's claim, will not suffice to postpone the operation of the statute of limitations. See 4 Callmann, Unfair Competition Trademarks and Monopolies (3d Ed.), § 87.5(b), p. 164. It is quite apparent that if there had been any special damage, required to be alleged and proved in a case such as this, the existence of such damage would undoubtedly have been sufficient to put the plaintiff on inquiry as to the source long before even a 4-year statute of limitations might have expired.

The action of the district court in sustaining the demurrers of both defendants was entirely correct and is affirmed.

AFFIRMED.

BOSLAUGH, J., not participating.