DIX LATHROP, APPELLANT, V.
JAMES MCBRIDE, APPELLEE.

307 N.W.2d 804

Filed July 2, 1981.   No. 43410.

Noren & Burns for appellant.

Whitney, Newman & Mersch and Baylor, Evnen, Curtiss, Grimit & Witt for appellee.

Heard before BOSLAUGH, CLINTON, and BRODKEY,

JJ., and BURKHARD and WOLF, District Judges.

CLINTON, J.

This is an action by the plaintiff Lathrop against the defendant McBride for damages allegedly caused by defamatory oral statements claimed to have been made by McBride about the plaintiff on or about August 18, 1977.

The plaintiff's petition was filed on March 9, 1979. It alleged that on June 6, 1977, the defendant was one of the five members of the Board of Educational Lands and Funds of the State of Nebraska; that about that date the plaintiff submitted to the board an application for employment as "fieldman-appraiser" to be located at Ogallala, Nebraska; that on August 18, 1977, the plaintiff was interviewed by the board for the position for which he had applied; and that by letter dated August 24, 1977, he was notified that the position was not offered to him. It further alleged that on August 29, 1977, the plaintiff traveled to the residence of the chairman of the board and made inquiry of him as to why he had not been hired. He was then told by the chairman that the *defendant McBride* "had told him (Mr. Allington) and the other board members that defendant had obtained and received information of a derogatory nature from a former employer of the plaintiff, the Farmers Home Administration, and for this reason plaintiff had not been hired for said position by said board." It alleged that he was unable to obtain from the chairman either "the specific source or the specific contents of said derogatory information allegedly received by defendant from the Farmers Home Administration."

A large part of the petition is given to allegations of the various efforts of the plaintiff, continuing from August 30, 1977, until September 13, 1978, to secure the above items of information. It then alleges that on the latter date the plaintiff discovered that the source of the information was one Dwight Theobald,

his supervisor while employed by the Farmers Home Administration, and that the nature of the derogatory information was the plaintiff's alleged inability to get along with and communicate with people, and his inability to take supervision and to deal with the public. It then alleged that the statements made by the defendant were false; that they were made with actual malice and reckless disregard for the truth; and that, as a proximate result of the slander, the plaintiff did not obtain the job for which he had applied and for which he was qualified and would otherwise have received.

The defendant's amended answer alleged, among other defenses, that statements made by the defendant were true, that they were privileged, and that the cause of action was barred by the statute of limitations.

The reply of the plaintiff alleged "that Defendant and others did everything possible to conceal the source and contents of the defamatory statement, and that Plaintiff did not know or become aware of the material facts necessary for the accrual of this cause of action until September 13, 1978."

The defendant filed a motion for summary judgment, and at the hearing thereon there was received the depositions of Mr. Theobald and both of the parties to this action, as well as certain affidavits. Also offered by the plaintiff, but refused by the court, were proceedings of a hearing before the Department of Labor in which the Board of Educational Lands and Funds was defendant, based upon the plaintiff's claim that he was denied the position in question because of the refusal to grant him a veteran's preference as required by law.

The trial court granted the motion for summary judgment on the ground that the cause was barred by the statute of limitations.

The plaintiff appeals to this court and makes the following assignments of error: (1) The trial court erred in refusing to receive exhibits 4 and 4a and

exhibit 3, all of which are or pertain to the proceedings before the Commissioner of Labor; (2) The trial court erred in holding the cause was barred by the statute of limitations; and (3) The court erred in granting the motion for summary judgment because there were material questions of disputed fact.

We affirm on the grounds that the undisputed facts show that the cause of action is barred by the statute of limitations. Neb. Rev. Stat. § 25-208 (Reissue 1979).

Section 25-208 provides that actions for libel, slander, and certain other causes of action must be brought within 1 year. This court and, as far as we have been able to ascertain, all other courts have held that a cause of action for slander or libel accrues on the date of publication of the defamatory matter. *Patterson v. Renstrom*, 188 Neb. 78, 195 N.W.2d 193 (1972); *Tennyson v. Werthman*, 167 Neb. 208, 92 N.W.2d 559 (1958); *Reller v. Ankeny*, 160 Neb. 47, 68 N.W.2d 686 (1955). In the case of slander, the publication takes place when the words are spoken and understood by a third person to pertain to the person slandered. 53 C.J.S. *Libel and Slander* § 82 (1948). Ignorance of the publication or of the evidence probative of the plaintiff's claim does not postpone the operation of the statute. *Patterson v. Renstrom, supra; Grist v. The Upjohn Company*, 1 Mich. App. 72, 134 N.W.2d 358 (1965); *Brown v. Chicago, Rock Island & Pacific Railroad Co.*, 323 F.2d 420 (8th Cir. 1963); *Hartman v. Time*, 64 F. Supp. 671 (E.D. Pa. 1946). Although there are exceptions, the above is the general rule applying to many types of causes of action. *Grand Island School Dist. #2 v. Celotex Corp.*, 203 Neb. 559, 279 N.W.2d 603 (1979).

The plaintiff, in his brief, argues that there is evidence in the record which tends to show the defendant fraudulently concealed facts necessary to the "accrual" of the cause of action for slander and that the statute did not begin to run until he discovered

those facts on September 13, 1978. He relies upon *Rucker v. Ward*, 131 Neb. 25, 267 N.W. 191 (1936), and a dictum in *Patterson v. Renstrom, supra.* In *Patterson* we said at 80, 195 N.W.2d at 194: "Here there is no allegation of fraud or fraudulent concealment. By analogy the statute of limitations under section 4 of the Clayton Act involves related issues. Under that statute mere ignorance of the facts constituting a cause of action, in the absence of the defendant's fraud, and mere ignorance of the evidence which would be probative of the plaintiff's claim, will not suffice to postpone the operation of the statute of limitations." In *Rucker* (described as an action for fraud) the fourth syllabus was: "'One who wrongfully conceals a material fact necessary to the accrual of a cause of action against him, and such concealment causes the opposite party to delay the filing of suit, cannot avail himself of the statutes of limitation as a defense.' *Liberty Nat. Bank v. Lewis*, 172 Okla. 103, 44 Pac. (2) 127."

The statement in *Rucker* is limited to wrongful concealment of a material fact necessary to the *accrual* of the cause of action. In that case the plaintiff was to be paid a certain sum of money by the defendant when the latter received it from a third party. The defendant, over a period of time, upon inquiry by the plaintiff, kept informing him that the money had not been received, when, in fact, it had been. In *Patterson* (although the question was not involved) we intimated that the statute of limitations on a cause for libel might not begin to run if there was a fraudulent concealment. The context in which that statement was made and the facts of that case indicate that we were referring to fraudulent concealment of the fact of the libel. As previously stated, in that case we said at 80, 195 N.W.2d at 194: "[M]ere ignorance of the evidence which would be probative of the plaintiff's claim, will not suffice to postpone the operation of the statute of limitations." Neither of the

principles on which the plaintiff relies is applicable here. In *Rucker* the defendant concealed the fact that the money had been received, i.e., that the cause had accrued. The statement in *Patterson*, upon which the plaintiff relies, is dictum and in any event not applicable to the facts before us.

In this case the record shows without any dispute that 11 days after the alleged publication the plaintiff knew that derogatory statements had been made about him, that the defendant was the one who had made them, and that was the stated reason he did not get the employment. He then knew that a cause of action had accrued. An action could then have been filed and discovery used to procure the evidential details. The record does not show, nor did the plaintiff plead in his reply, any fraudulent concealment. The record merely shows at most that the defendant and the board chairman refused to tell him what had been said or to disclose the source. This case comes within the principle that "mere ignorance of the evidence which would be probative of the plaintiff's claim" is not sufficient to toll the operation of the statute of limitations.

The trial court was correct in its ruling that the cause was barred by the statute of limitations. This makes it unnecessary to discuss the other assignments made by the plaintiff or to discuss the various other defenses raised by the defendant.

AFFIRMED.