MICHELLE LaPAN, APPELLANT, v. SANDRA MYERS, APPELLEE.

491 N.W.2d 46

Filed October 30, 1992.    No. S-89-1443.

Jim L. Brown, of Dawson, Fleming & Brown, P.C., on brief for appellant.

William F. Austin, Lincoln City Attorney, and James D. Faimon for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

GRANT, J.

Plaintiff, Michelle LaPan, appeals from an order dismissing her amended petition. The petition was dismissed after the trial court sustained a demurrer filed by defendant-appellee, Sandra Myers. In her appeal plaintiff assigns as error the actions of the trial court in (1) sustaining defendant's demurrer, (2) failing to specify on which of three grounds the demurrer was sustained, and (3) dismissing plaintiff's petition without granting plaintiff leave to amend. We affirm.

The record before us shows the following facts: On July 19, 1989, plaintiff filed a petition, denominated a "Complaint," in the district court for Lancaster County in a case docketed as "Docket 442 Page 262." The petition named Sandra Myers, an employee of the Lincoln Police Department, as defendant and sought damages from her because defendant, on May 27, 1988, allegedly "did defame the Plaintiff by uttering, printing and or publishing false statements . . . ." On September 5, 1989, plaintiff filed an "Amended Complaint." The pleading was captioned "In the United States District Court," but the record shows it was filed in Lancaster County District Court. The error led to some confusion, since it became apparent at a hearing in this case that plaintiff also had an action pending in the federal court. The parties treated the pleading as filed in the state court.

In any event, defendant filed a demurrer to the amended petition on the grounds (1) that the court had no jurisdiction over defendant's person, (2) that the plaintiff had no legal capacity to sue, and (3) that the amended petition "does not state facts sufficient to constitute a cause of action against the Defendant." On November 6, 1989, the district court sustained the demurrer, without specifying the grounds, and dismissed plaintiff's petition.

When reviewing an order sustaining a demurrer, an appellate court accepts "the truth of facts well pled and the factual and legal inferences which may be reasonably deduced from such facts, but does not accept conclusions of the pleader." *Weiner v. Hazer*, 230 Neb. 53, 55-56, 430 N.W.2d 269, 271 (1988). Accord *Security Inv. Co. v. State*, 231 Neb. 536, 437 N.W.2d 439 (1989). In considering a demurrer, a court must

" 'assume that the pleaded facts, as distinguished from legal conclusions, are true as alleged and must give the pleading the benefit of any reasonable inference from the facts alleged, but cannot assume the existence of a fact not alleged, make factual findings to aid the pleading, or consider evidence which might be adduced at trial.' "
*Matheson v. Stork*, 239 Neb. 547, 550, 477 N.W.2d 156, 159 (1991).

Neb. Rev. Stat. § 25-208 (Reissue 1989) provides a 1-year statute of limitations for actions based on defamation. We have held that a cause of action for libel or slander accrues on the date of publication of the defamatory matter. *Lathrop v. McBride*, 209 Neb. 351, 307 N.W.2d 804 (1981); *Patterson v. Renstrom*, 188 Neb. 78, 195 N.W.2d 193 (1972). Ignorance of the publication of defamatory matter, or of the evidence that would tend to prove such publication, does not toll the statute. *Lathrop v. McBride, supra*; *Patterson v. Renstrom, supra*. Plaintiff alleged in her amended petition that defendant published the defamatory statements on May 27, 1988. We have held:

> If a petition alleges a cause of action ostensibly barred by the statute of limitations and fails to allege some excuse tolling the operation and bar of the statute, the petition fails to allege sufficient facts to constitute a cause of action and is subject to a demurrer.

*Olsen v. Richards*, 232 Neb. 298, 303, 440 N.W.2d 463, 465 (1989).

Plaintiff did not file her petition until July 19, 1989. Because she did not state, within her petition, facts that would have tolled the operation of the statute of limitations, her petition became subject to a demurrer. The district court did not err in sustaining the demurrer.

Plaintiff also assigns as error the district court's failure to specify its basis for sustaining the demurrer. As stated above, defendant demurred to plaintiff's amended petition on three grounds. We have stated that the trial court should specify the grounds upon which it is sustaining a demurrer when several grounds are stated. *St. Paul Fire & Marine Ins. Co. v. Touche Ross & Co.*, 234 Neb. 789, 452 N.W.2d 746 (1990); *Meyerson v.*

*Coopers & Lybrand*, 233 Neb. 758, 448 N.W.2d 129 (1989). Such a requirement is primarily for the benefit of the reviewing court. Failure to specify the grounds for sustaining a demurrer does not affect the legal position of the parties in the case. "[T]his court will not presume, when a trial court fails to state a reason for the dismissal of an action, that the dismissal was based on an invalid ground." *Bert Cattle Co. v. Warren*, 238 Neb. 638, 641, 471 N.W.2d 764, 767 (1991). The district court should have stated its reasons for sustaining the demurrer, but an appellate court will not reverse a trial court's judgment if the trial court's ruling was correct. In this case, the district court's reason for sustaining the demurrer is readily apparent. Since the statute of limitations had run and since no facts were alleged within the petition that would have tolled the operation of the statute, plaintiff failed to state a cause of action.

With regard to plaintiff's third assignment of error, Neb. Rev. Stat. § 25-854 (Reissue 1989) provides that if a demurrer is sustained, "the adverse party may amend, if the defect can be remedied by way of amendment . . . ." We have held that this statute does not provide an absolute right of amendment, nor is it without limitation. *Knoell v. Huff*, 224 Neb. 90, 395 N.W.2d 749 (1986). We also stated in *Newman Grove Creamery Co. v. Deaver*, 208 Neb. 178, 183, 302 N.W.2d 697, 701 (1981), that it is an abuse of discretion by the trial court " ' "to sustain a demurrer without leave to amend where there is a reasonable possibility that the defect can be cured by amendment, particularly in the case of an original complaint.". . .' "

The record in this case does not present a situation which shows there is a reasonable possibility plaintiff can allege facts that would state a cause of action. The trial court knew that plaintiff had already amended her petition in the case before us. The court also knew that plaintiff had stated, during the hearing on the demurrer, that she would reamend her petition, if allowed, to state that she did not learn of the publication until November 1988. Apparently, plaintiff was under the mistaken belief that ignorance of publication tolls the operation of the statute of limitations. Without regard to when the plaintiff learned of the existence of the alleged libelous publication, however, the statute began to run on the date of the publication

of the allegedly defamatory matter. Plaintiff's petitions state that that date was May 27, 1988. At the time she filed her petition under review on July 19, 1989, the statute of limitations had elapsed.

Additionally, while a court must determine the question of sustaining or overruling a demurrer solely from the allegations in plaintiff's petition, *Matheson v. Stork, supra,* and *Weiner v. Hazer, supra,* we have stated it is proper, in considering whether a plaintiff should be granted leave to amend a petition as to which a demurrer has been sustained, to take notice of the records in another case before the same court, which case is so closely interwoven as to be interdependent with the case under consideration. *Fowler v. Nat. Bank of Commerce,* 209 Neb. 861, 312 N.W.2d 269 (1981).

In the present case, the trial court could note the prior action between the same parties on the same issue filed in the district court for Lancaster County. In the record before us, it is shown that on December 5, 1988, plaintiff filed a petition, denominated a "Complaint," in Lancaster County, "Docket 435 Page 221," against defendant. The petition alleged that the action should be considered a defamation action and alleged that defendant was a Lincoln police officer who, on May 27, 1988, "did defame" plaintiff and did publish libelous per se material about the plaintiff. The petition sought money damages and injunctive relief. Plaintiff filed an amended petition in that case on February 28, 1989. Defendant filed a demurrer. On June 5, 1989, plaintiff filed a "Motion for Dismissal" on the grounds that she was unable to engage counsel and was too "emotionally attached" to the case to represent herself. On that same day, the trial court granted the motion and dismissed plaintiff's petition without prejudice.

The trial court in the case before us had also handled plaintiff's case docketed in the Lancaster County District Court as docket 435, page 221. Thus, the trial court not only knew that plaintiff had filed a petition and an amended petition in the case before the court in docket 442, page 262, but also knew that plaintiff had alleged the same facts and had sought the same relief in a petition and an amended petition in an earlier case and that plaintiff had voluntarily dismissed that case.

The trial court did not err in dismissing plaintiff's amended petition in this case without allowing plaintiff a further chance to amend her pleadings.

There is no error in the trial court's action, and the judgment of the trial court is affirmed.

AFFIRMED.