980 F.2d 734
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Donald C. HAYHURST, N.M.D., PH.D., Appellant,
v.
Randall BRADLEY, N.D., Appellee.
 No. 92-2826.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: November 17, 1992.
Filed: December 2, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald Hayhurst appeals the district court's[1] dismissal of his diversity defamation action. We grant Hayhurst's motion to supplement the record on appeal, and we affirm.
 
 
 2
 On March 10, 1992, Hayhurst, president of the American Naturopathic Medical Association and a Nevada resident, filed a complaint alleging that Randall Bradley, as president of the Nebraska Association of Naturopathic Physicians, sent a letter on March 31, 1990, to the United States Secretary of Education that libeled and slandered Hayhurst by attacking his credibility and background in the medical profession. Hayhurst asked for $250,000 compensatory and $250,000 punitive damages.
 
 
 3
 Bradley moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The district court granted Bradley's motion on statute-of-limitations grounds. The court held that this diversity action is governed by the forum state's applicable limitations period, citing Walker v. Armco Steel Corp., 446 U.S. 740 (1980); that actions for slander or libel must be brought within one year under Neb. Rev. Stat. § 25-208; and that a defendant may raise the limitations defense in a Rule 12(b)(6) motion when the complaint on its face shows that the suit is time-barred. Here, the complaint alleges that the defamatory letter was written nearly two years before the complaint was filed. Thus, concluded the district court, the complaint was time-barred on its face and contained no allegations which would toll the statute of limitations, citing Lathrop v. McBride, 307 N.W.2d 804 (Neb. 1981) (only the defendant's "wrongful concealment" of a material fact will toll the statute of limiations; ignorance of the publication will not).
 
 
 4
 Hayhurst then filed a "Notice for Rehearing," alleging that he did not learn of the defamatory letter until May 6, 1991, when the Department of Education finally responded to his repeated document requests. Thus, Hayhurst contended, his suit was timely because he filed his complaint within one year after learning of the defamation. The district court denied Hayhurst's request for reconsideration.
 
 
 5
 On appeal, Hayhurst argues that by not sending him a copy of the defamatory letter or revealing to Hayhurst's close associates that the letter had been written, Bradley acted surreptitiously and wrongfully, thereby tolling the Nebraska statute of limitations. However, the district court properly granted Bradley's Rule 12(b)(6) motion because Hayhurst's complaint revealed that his cause of action was time-barred, and did not allege any excuse which would toll the statute. See Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). In addition, Hayhurst's motion for reconsideration did not allege facts demonstrating wrongful concealment by Bradley that would toll the limitations period. Thus, the district court did not abuse its discretion in denying that motion.
 
 
 6
 Accordingly, the judgment is affirmed.
 
 
 
 [1]
 The HONORABLE WILLIAM G. CAMBRIDGE, United States District Judge for the District of Nebraska